WM. N. SMITH, Respondent, *v.* J. H. WALSER *et al.*, Appellants.

1. *Equity — Trust estate — Notice.*—One who, in consequence of a blunder in the terms of a deed, obtains the legal title to land the equitable ownership of which is in another, and has full knowledge of the fact, will hold as trustee for the latter. And a grantee, with notice from the legal owner, will be affected with the same trust.

*Appeal from Third District Court.*

*J. H. Walser*, for appellants.

*R. F. & E. Buller*, for respondent, cited Gibson v. Chouteau Heirs, 39 Mo. 536; Harrison v. Chouteau, 23 Mo. 117; 1 Sto. Eq. Jur., §§ 100, 164–5, 395; Truesdale v. Callaway, 6 Mo. 605; Turner v. Patton, 20 Mo. 81.

WAGNER, Judge, delivered the opinion of the court.

This was a petition in the nature of a bill in equity for the purpose of obtaining a decree for title.

The petition, in substance, states that on the 3d day of May, 1866, the plaintiff purchased of Barton county the southeast quarter of section 21, township 33, range 30, and paid for the same in full, but did not obtain a deed therefor until the 7th day of August, 1866; that on the 6th of May, 1866, Amoret Fray, who subsequently intermarried with Bollinger, purchased from the said county the south half of the northwest quarter of said

section 21, and that in preparing her deed a mistake was made, and her land was described as the south half of the said section, thus including the land which had previously been purchased and paid for by the plaintiff, of which purchase the petition alleges the said Fray had full notice before and at the time she obtained her deed.

It is further averred that on the 15th of July, 1867, the said Fray by quit-claim conveyed to the defendant Walser the north half of the said southeast quarter of section 21, he at the time having full notice of the plaintiff's claim and interest therein.

Barton County, Bollinger and wife, and Walser, were made defendants. All the parties made default except Walser, and he appeared and demurred to the petition. This demurrer was sustained in the Circuit Court, and the case was then taken to the District Court, where the judgment was reversed, and Walser appealed to this court. The demurrer admits the facts stated in the petition, and that the defendant Walser purchased with full notice of the plaintiff's interest and claims.

It is perfectly clear that when Fray by mistake obtained the legal title with full notice of all the surrounding facts, she held it as trustee for Smith, the plaintiff, who possessed a complete equitable title. Walser, who took with notice, stood in the same position; for when a person takes a conveyance of land with notice of the legal or equitable title of another, he will stand precisely in the situation of his grantor. There is no force or merit in the ground taken in the demurrer, that Smith, the plaintiff, was not the proper party, and that the suit should have been brought in the name of Barton county. Smith was the real party in interest and the only person entitled to sue.

The action of the District Court reversing and remanding the judgment of the Circuit Court will be affirmed. The other judges concur.