## WHITE v. McPHEETERS, *Appellant.*

1. **Estate in Remainder**: LIABILITY TO EXECUTION : VOLUNTARY CONVEYANCE. A deed conveyed land in trust for the sole and separate use of A. (a married woman) for and during her natural life, remainder in fee simple in trust for J. (her husband) should he survive A., with covenants on the part of the trustee that upon the death of either A. or J., whichever died first, he would convey to the survivor, and if A. and J. at any time during their joint lives, should wish to sell, then that he would, upon their joint request in writing, convey to any person designated by them, and pay over the purchase money to A., or invest the same in other property to be held upon like trusts, as A. and J. might direct.

   *Held*, that the deed created in J. an equitable estate in remainder in fee, but whether the remainder was vested or contingent the court did not deem necessary to decide. Whichever it was, it was liable to be taken in execution.

   *Held*, also, that the covenant of the trustee as to selling and paying the proceeds to A. did not amount to a reservation of a right in A. to defeat J.'s estate, since the trustee was to act only upon the joint request of A. and J.

   *Held*, also, that a voluntary conveyance by J. of his interest was ineffectual as against his creditors.

2. ———— : CONVEYANCE BY MISTAKE: TRUSTS. If a husband having an estate in remainder in his wife's lands, without intending to convey his interest, join her in executing a deed in fee, a trust will arise in his favor which can be enforced against the grantee at the suit of the husband's creditors.

3. **Fraudulent Conveyances.** A voluntary conveyance by an insolvent debtor is fraudulent as against creditors, though no fraud was in fact intended.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Thos L. Anderson* and *W. P. Harrison* for appellants.

The claim of Mrs. McPheeters to the property, and its proceeds, if sold, was superior to that of the creditors of Joseph H. It was purchased with her money, and the creditors of her husband had no claim, legal or equitable, to it, or to property in which it might be invested. Joseph H. McPheeters had no interest in the property by virtue of the deed of trust to Jno. T. Redd, except a contingent one. His interest was not vested; it was contingent, dependent on the will and act of Ann W. If she chose to. sell the property during her life, she could, by the express terms of the deed, do so ; and when sold, the proceeds were to be held for her sole use. Under the power reserved by her in the deed, she made the sale to Whaley, and this determined the contingent interest of Joseph H. In the deed of trust to Redd, the grantor, Ann W., conveys her own property (in effect a voluntary gift) to be held in trust for her use for life, with remainder in fee to her husband, subject, however, to the contingency of her being the longest lived, and in the event of his death before that of the grantor, then to be held in trust for her. And further, should the said Ann W. and Joseph H., during their joint lives wish to sell, then, she may do so, and the trustee is to convey to the purchaser by them designated. 2 Wash. Real Prop., 224.

*Chas. A. Winslow* also for appellants.

*John T. Redd* for respondents.

1. The deed created in Joseph H. McPheeters an estate in remainder in the equitable fee. 1 Hill. Real Prop.,

(3 Ed ) p. 512, § 1; 2 Wash. Real Prop., (3 Ed.) pp. 500, 501; 4 Kent Com., (5 Ed.) 197, 198. A vested, not a contingent remainder. 2 Wash. Real Prop., 502, 506, 509, 526; 4 Kent Com., 201, 202, 203, 205; *Aubuchon v. Bender*, 44 Mo. 566; Hill Trustees, 524, 525; *Clapp v. Stoughton*, 10 Pick. 463; *Stone v. Massey*, 2 Yeates (Pa.) 369; *Ives v. Legge*, 3 T. R. 488n; *Doe v. Perryn*, 3 T. R. 488.

2. The remainder in fee in Joseph H. McPheeters, whether vested or contingent, by his deed of July, 1873, passed to and vested in Edward Whaley, and by the deed of Whaley and wife passed to and vested in Mrs. McPheeters, and by her will passed to and vested in defendants Susan and Ann W. Whaley. 2 Wash. Real Prop., 512, § 20, 522, § 4; 4 Kent Com., 261. It is subject to alienation by statute. Gen. St. 1865, p. 444, § 1; Ib., p. 528, § 1. It was subject to the payment of McPheeters' existing debts when he conveyed to Whaley. Gen. St. 1865, p. 636, § 1.

3. The conveyance by Joseph H. McPheeters of his estate in remainder to Edward Whaley, being, as shown by his testimony and the testimoney of Whaley, without consideration, and the facts being admitted that said conveyance included all his real estate, and that he was largely indebted, and that the deed was voluntary, the law presumes that he made it with the intent to hinder, delay and defraud his existing creditors, and it was void under the provisions of 13th Eliz., chap. 5, as to existing creditors, and under 27th Eliz., chap. 4, was void as to subsequent purchasers. Under sections 2 and 3 of chapter 107, of General Statutes 1865, such a deed is declared void as to both creditors and purchasers, prior and subsequent. Gen. St. 1865, p. 439; *Townshend v. Windham*, 3 Ves. Sr. 243; *Potter v. McDowell*, 31 Mo. 69; *Pepper v. Carter*, 11 Mo. 544; *Robinson v. Robards*, 15 Mo. 466; *Reed v. Pelletier*, 28 Mo. 177; *Gamble v. Johnson*, 9 Mo. 597; *Payne v. Stanton*, 59 Mo. 160; 1 Story Eq., §§ 353, 354, 355, 357, 359; *Boyd v. Dunlap*, 1 John. Ch. 483; *Reade v. Livingston*, 3 John. Ch. 500; *Bayard v. Hoffman*, 4 John. Ch. 452; *Wood v. Jackson*, 8 Wend.

9; *Sexton v. Wheaton,* 8 Wheat. 229; *Gilmore v. Land Co.,* Peters C. C. 460. The deed having been, in contemplation of law, made with the intent to hinder, delay and defraud existing creditors, Whaley, the grantee, took the estate in remainder, subject to a trust in favor of the existing creditors. *Bobb v. Woodward,* 50 Mo. 101; *Herrington v. Herrington,* 27 Mo. 560; 1 Story Eq., §§ 350, 449; 2 Story Eq., §§ 980, 1265. If McPheeters did not contract to sell to Whaley, and Whaley did not contract to purchase from him, his interest in the property, and if the deed of July 23rd, 1873, was not intended by the parties to pass any interest in the land except the interest of Mrs. Ann W. McPheeters, and if Joseph H. united with her in said deed for the sole purpose of enabling her to convey her interest, then the remainder of Joseph H. unintentionally and by mistake passed by said deed to and vested in Whaley subject to an implied trust in favor of McPheeters, and, a *fortiori,* in favor of his existing creditors. Hill Trustees, 206; *Ramsden v. Hylton,* 2 Ves. Sr. 225; 1 Story Eq., §§ 143, 144, 145; 2 Story Eq., §§ 1195, 1219.

NORTON, J.—This suit, which is a proceeding in equity in the nature of a creditor's bill, to subject to sale for the payment of certain debts of Joseph H. McPheeters, mentioned in the petition, block 74 in the city of Palmyra, was instituted in the Marion county circuit court, and being transferred from the said court, by change of venue, to the Macon county circuit court, was there tried and a decree granting the prayer of the petition was rendered, from which defendants prosecute their appeal to this court.

The following are undisputed facts in the case, viz: The said real estate was originally owned by Joseph H. McPheeters, who, in 1864, conveyed the same to his wife, Ann W. McPheeters, in consideration of $2,100, which came to his said wife as her separate property from her father's estate. In April, 1865, Mrs. McPheeters, her husband joining with her, conveyed the said real estate to

John T. Redd, as trustee, which, after omitting the formal parts of the deed, contained the following provisions, viz:

"To have and to hold to the said party of the first part, and his heirs forever, upon the following trusts: 1st. In trust for the sole and separate use of the said Ann W. McPheeters, for and during her natural life. 2nd. Remainder in fee simple in trust for the said Joseph H. McPheeters, should he survive the said Ann W. McPheeters, in which event the said party of the first part covenants that he will execute and deliver to the said Joseph H. McPheeters a deed conveying to him the legal title to said real estate, as fully as the same may be held by him under the terms of this deed; but should the said Ann W. McPheeters survive the said Joseph H. McPheeters, then the said party of the first part shall hold said property in fee in trust for the said Ann W. McPheeters; and should the said parties of the second part, at any time during their joint lives, wish to sell said real estate, then said party of the first part covenants that he will, upon the joint request of the said parties in writing, execute and deliver a deed conveying said property to any person or persons designated by them, and pay over the purchase money to the said Ann W. McPheeters, or invest the same in other property, to be held upon like trusts, as said parties of the second part may direct; and the said party of the first part covenants, to and with the said parties of the second part, that he will, in good faith, execute the trust reposed in him."

None of the debts embraced in the petition were in existence at the time of the execution of said deed to Redd, but all of them were contracted subsequently between the date of said deed and July, 1873, when Joseph H. McPheeters and Ann W., his wife, joined in a conveyance of the property to Robert Whaley, who, in consideration thereof, paid $100, and executed three notes then and there for $1,000 each, and one for $900, payable in one, two, three and four years. These notes were made payable to

Ann. W. McPheeters, and in December, 1873, the contract for the sale of the land was rescinded, and Whaley's notes were surrendered; whereupon Whaley and his wife executed a deed conveying said real estate to Mrs. McPheeters in fee for her sole and separate use, Redd, in the meantime, upon the written request of McPheeters and wife, having conveyed the fee to said Whaley. At the time of the conveyance to said Whaley, McPheeters was insolvent and had no other interest of value except his interest in the land conveyed, and owed the debts mentioned in the petition, upon two of which suits had been brought against him, and upon which judgments were rendered soon after the said conveyance was made. Mrs. McPheeters died in 1876, leaving a will, in which she devised the real estate in question to Susan Whaley and Ann W. Whaley, two of the defendants. It also appears from the evidence of both said McPheeters and Whaley that the conveyance made to Whaley in 1873 by McPheeters and wife, was entirely voluntary and without consideration, so far as said Joseph McPheeters was concerned. Whaley testified that he never bought, and McPheeters testified that he never sold his interest, both of them stating that they were of the opinion that he had no interest to sell.

The questions which grow out of the above state of facts are: First, Did McPheeters, in virtue of the deed of trust executed to Redd, have such an interest in the real estate in question as could be subjected to sale for the payment of his debts. Second, If he had such an interest, was the conveyance made by McPheeters and wife in 1873 to Whaley effectual to pass it, so that McPheeters' creditors, he being insolvent, could not subject it to sale for the payment of his debts. An affirmative answer to the first and a negative answer to the second question affirms the judgment, and an affirmative answer to the second or a negative answer to the first question reverses it.

We think it clear that, by the terms of the deed of trust to Redd, it created an estate in remainder to the equi-

1. ESTATE IN RE-
MAINDER: liabili-
ty to execution:
voluntary con-
veyance.
table fee in McPheeters. The legal estate was to be held by the said trustee for the sole and separate use of Mrs. McPheeters during her life, and the remainder in fee simple in trust for the said Joseph H. McPheeters, should he survive Mrs. McPheeters, in which event the trustee covenanted to convey the legal estate to said McPheeters, but should Mrs. McPheeters survive her husband, then the trustee was to hold the property in fee for her. Whether the estate in remainder thus created was vested or contingent it is not necessary to determine, since in either case the interest of said Joseph H. McPheeters was an alienable interest, and, therefore, subject to sale under execution.

Mr. Washburn, in his work on real property, at section 4, page 562, observes : "For a long time a contingent remainder was not supposed to be the subject of alienation, because it was rather a possibility than an estate, like the possibility of an heir at law, for instance, having the estate when his ancestor shall have died. But it is now settled that when the contingency upon which the remainder is to vest is not in respect to the person, but the event, when the person is ascertained who is to take if the event happens, the remainder may be granted or devised and the grantee or devisee will come into the place of the grantor or devisor with his chance of having the estate. But if the contingency is in the person who is to take, as where the remainder is limited to the heirs of one now alive, there is no one who can make an effectual grant or devise of the remainder. See also 4 Kent Com., pp. 470, 472; *Reinders v. Koppelmann*, 68 Mo. 482. Under our statute, which declares that the term "real estate" as therein used shall include all estates and interests in land, and that all real estate, whereof a defendant shall be seized either in law or equity, shall be subject to seizure and sale under execution, the interest of said McPheeters in the real estate in controversy, whether it be regarded either as a vested or contingent remainder, was liable to be subjected to the

payment of his debts. It, therefore, follows that the first question above stated must be answered in the affirmative.

It is, however, earnestly insisted by counsel, that in the said deed of trust to Redd, Mrs. McPheeters reserved a power of disposition or sale of the land in herself, the execution of which necessarily destroyed the remainder created in her husband, and that the power having been actually executed in the sale to Whaley, destroyed whatever interest the creditors of McPheeters may have acquired, inasmuch as they could acquire no greater interest than McPheeters had under the deed, and which was subject to be defeated by the same contingency, and that, therefore, a negative answer should be returned to the question. The position thus taken has been pressed upon our attention in an ingenious and plausible argument, but the unsoundness of it consists in the assumption that Mrs McPheeters reserved power in herself to destroy the estate created in her husband by a sale of the property and the appropriation of the proceeds of a sale to her own use. No such power as this was reserved in the deed. It simply provides that should McPheeters and wife, at any time during their joint lives, wish to sell said real estate, then Redd, the trustee, covenants that he will, on the joint request of said parties in writing, execute and deliver a deed conveying said property to any person or persons designated by them, and pay over the purchase money to the said Ann W. McPheeters, or invest the same in other property to be held upon the like trusts, as said parties of the second part may direct. It is evident, we think, that this provision of the deed required the joint action of both McPheeters and wife to effect a sale, and that only upon their joint action and by their joint consent, could the trustee convey to a person designated or pay the proceeds of a sale to Mrs. McPheeters. The deed contained no provision for the destruction of the estate in remainder of McPheeters, but simply devised a method for the sale of the entire estate when both parties interested in the beneficial interest desired it, and

imposed an obligation on the trustee to convey, on their written request, the entire estate, (the life estate being in Mrs. McPheeters, and the remainder in fee in him,) and to any person to whom the parties thus interested might jointly sell it.

· It thus having been shown that the interest of said McPheeters was answerable for the payment of his debts, the question remains, was the conveyance to Whaley effectual to pass this interest so as to prevent creditors from reaching it and subjecting it to the payment of their . demands ? This question, we think, must be answered in the negative, for the reason that according to the testimony of both McPheeters and Whaley the conveyance of his interest was voluntary and without consideration, and could not, therefore, deprive the creditors of McPheeters from following such interest, he. being at the time insolvent.

Nor does it make any difference that Whaley did not intend to buy nor McPheeters to sell his interest. If the 2. ——: convey- deed in fact, contrary to the intention of the ance by mistake: trusts. parties, conveyed his interest, a trust arose in favor of the grantor which " will be enforced on the conscience of the parties to accomplish the ends of justice." 1 Story Eq., §§ 143, 145 ; *Smith v. Walser*, 49 Mo. 251.

Nor does it make any difference that McPheeters joined in the conveyance not contemplating any fraud upon his 3. FRAUDULENT creditors. He being at the time insolvent, CONVEYANCE. and in debt, and the deed being voluntary, was as to his creditors fraudulent. In the case of *Potter v. McDowell*, 31 Mo. 69, it is said : " When a voluntary deed is made by a debtor in embarrassed circumstances, and a question arises as to its validity, in order to render the deed fraudulent in law as to existing creditors, it is not necessary to show that the debtor contemplated a fraud in making it, or that it was an immoral or corrupt act ; the law does not concern itself with the secret motives which may influence the debtor ; he may believe he had the right to make it, and that it was his duty to do it, yet if the

deed is voluntary, and hinders and delays his creditors, it is fraudulent." If this presumption needed strengthening, the evidence in this case furnishes abundant support to it, when the fact is considered that the deed to Whaley was made while two suits brought against McPheeters by two of the plaintiffs were pending, and just a few days before judgments were rendered against him, in connection with the further fact that the contract with and deed to Whaley were cancelled five months afterward and a re-conveyance of the entire estate made to Mrs. McPheeters for her sole and separate use.

We think the judgment was for the right party, and we hereby affirm it, in which all concur.

*Motion for rehearing overruled.*