GEORGE A. HOYT AND NEHEMIAH SMITH v. ZEPHANIAH W. GOODING ET AL.

*Deed—Mistake—Reformation—Knowledge of subsequent purchaser.*

Where, by mistake, a deed describes land not owned by the grantor, instead of that which he intended to convey, and a subsequent grantee of the latter land takes his deed with knowledge of such fact, the first deed will be reformed so as to conform to the intention of the parties thereto.

Appeal from Ionia. (Smith, J.) Argued January 30, 1894. Decided February 12, 1894.

Bill to reform a deed and to remove cloud from title.

Defendant Gooding appeals.    Decree affirmed.    The facts
are stated in the opinion.

*John C. Dooling (Edwin H. Lyon,* of counsel), for com-
plainants.

*William O. Webster,* for appellant.

McGRATH, C. J.    Complainants, as grantees of one

Spriggs, file this bill to reform a deed given by defendant
Long to Spriggs, and to remove a cloud from their title
caused by a subsequent conveyance to defendant Gooding.

Long, in 1876, was the owner of parcels marked in above sketch as A, B, D, E, F, and G, and in that year, intending to convey parcel G, gave a deed to Spriggs. In describing the parcel, the south-west corner of said parcel was fixed at 100 rods north of the quarter post at the south-west corner of the parcel A, on the north and south quarter line, instead of 100 rods north of the south-west corner of parcel B, on the west line of defendant's premises. This description located the parcel in the north-west quarter of the south-east quarter, and on lands not owned by Long. There were no buildings on parcel G, but Spriggs cultivated that parcel for over two years' after the conveyance. Long, in 1886, conveyed all the parcels to Gooding. In the meantime, Spriggs had conveyed to complainants, but without Long's knowledge, and the same mistake had been made in these conveyances. The mistake is conceded, but Gooding claims to be a purchaser in good faith and without notice.

The evidence clearly tends to show, however, that, at the time of the transfer from Long to Gooding, the former went over the lands with Gooding, and located lines; that, at that time, the adjoining lands on the west, had been platted into village lots; that the north line of one of the streets in said plat, extended, was the south line of this parcel; that a way, in fact, existed from this platted street across the land immediately south of parcel G; that a board fence had been built on the south line of this way; that, when Long and Gooding went over the lines, Long told Gooding that he (Long) had fenced out four rods for a street, and that the land north of the street belonged to Spriggs; that the mistake in the description was not discovered by complainants until after the conveyance to Gooding, when Gooding informed complainants thereof, and promised to quitclaim to them, but afterwards refused, giving, as a reason, that his acreage was short.

The south-west quarter of the south-east quarter was described in Gooding's deed as such, and parcels C, G, and B were described as one parcel by metes and bounds. The parcels C and H were excepted in the deed, and parcels F and E were added. These additions and exceptions were by general language, and the descriptions, additions, and exceptions were calculated to create confusion if not very carefully scanned.

We are satisfied that the circuit judge reached the correct conclusion, and the decree, which was for complainants, is affirmed.

LONG, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.