HEADLEY GROCER COMPANY, Respondent, v. J. L.
WALKER, Appellant.

### St. Louis Court of Appeals, March 9, 1897.

**Fraudulent Conveyance.**  A voluntary deed to a considerable por-
tion of his property by an embarrassed debtor unable to pay his
debts, as they mature, and who is being pressed for payments he can
not meet, is fraudulent as to existing creditors, regardless of the
intent with which it is made.

*Appeal from the Howell Circuit Court.*—HON. W. N.
EVANS, Judge.

AFFIRMED; all the judges concurring, Judge BIGGS in
the result.

*Olden, Orr & Tillman* for appellant.

The instruction for plaintiff imposes upon defend-
ant the *onus* of proving that these conveyances were in
good faith.   This might be true as applied to volun-
tary conveyances, but is not the law as applied to con-
veyances based upon valuable considerations.   *Thomp-
son v. Chohen*, 24 S. W. Rep. (Mo.) 1023; *Dallam*

*v. Renshaw*, 26 Mo. 533; *Deering v. Collins*, 38 Mo. App. 73.

It entirely ignores the question of consideration, and denies the right of a debtor to prefer a creditor, even though such creditor be a member of the debtor's family. *Robinson v. Dryden*, 118 Mo. 534; *Riley v. Vaughan*, 116 *Id*. 176; *Nichols v. Ellis*, 98 *Id*. 344; *Ridge v. Greenville*, 53 Mo. App. 483; *State ex rel. v. True*, 20 *Id*. 188.

*Love & Johnson* and *Orchard & Hines* for respondent.

BLAND, P. J.—Plaintiff brought suit in the Howell county circuit court against the defendant by attachment. One of the grounds of attachment alleged was that the defendant had fraudulently conveyed his property so as to hinder and delay his creditors. A plea in abatement was duly filed; a trial had, resulting in the finding of the issues on the plea in abatement for plaintiff, upon which judgment was rendered, from which the defendant duly perfected his appeal. Afterward, and at the same term, a trial was had upon the merits to the court sitting as a jury, and judgment for plaintiff, from which defendant also duly appealed.

It appears from the evidence that the defendant was doing a mercantile business at Mt. View, in Howell county, where he had resided some seven or eight years. He owned real estate in both Howell and Texas counties, Missouri. On the twenty-first and twenty-second days of March, 1885, he conveyed all of his lands, consisting of two farm tracts in Howell county, and several lots in Mt. View, and a farm of two hundred acres in Texas county. At this time he was being pressed for money, on account of overdue bills for merchandise he had purchased. One T. D. Rad-

liff, a justice of the peace of Howell county, had claims against him for divers creditors, amounting to about $500. These claims were reduced to judgments in the justice's court, about the time the conveyances were made. The claim of plaintiffs of $337 had been in the hands of their attorney for collection, from the month of December previous, and the defendant had been called upon personally by the attorney, with this claim for payment or settlement. The defendant according to his own testimony, was without money to meet his indebtedness. According to his own testimony he owed about $1,200, and he was commercially insolvent. The conveyances of the Howell county lands were with one exception made to George and Inez Stiles; the daughter and son-in-law of the defendant. A house and lot valued at $175 in Mt. View was sold to one McCollum. $25 of the purchase price was paid in a horse swap, and a note for the balance of the purchase price was given by McCollum and made payable to the defendant's wife by direction of defendant. The defendant undertakes to show by his own testimony that the conveyances to Stiles and wife were made to pay debts he owed Stiles and another debt which Stiles assumed to pay for him. His testimony on this point is uncorroborated by any other witness, and is unsatisfactory. The Texas county farm of two hundred acres, which the defendant says was worth $1,200 was conveyed to one Holden, with the purpose, on the part of the defendant, to have Holden reconvey it to his wife; this the defendant swears was his purpose. Holden was a kinsman of the defendant, but it does not appear that he was present when the deed was made to him, or that he knew that it was to be made. The deed was sent by Stiles under instructions from defendant, to the recorder of Texas county, and placed upon record and

returned to Stiles, but never delivered to Holden. The defendant says it was to be delivered to Holden whenever he would make a deed back to his (defendant's) wife.

It is said in *Potter v. McDowell*, 31 Mo. 69, "where a voluntary deed is made by a debtor in embarrassed circumstances, and a question arises as to FRAUDULENT conveyance. its validity, in order to render the deed fraudulent in law, as to existing creditors, it is not necessary to show that the debtor contemplated a fraud in making it, or that it was an immoral or corrupt act. The law does not concern itself with the secret motives which may influence the debtor. He may believe he had a right to make it, and that it was his duty to do it, yet if the deed is voluntary, and hinders and delays his creditors, it is fraudulent."

A debtor in failing circumstances unable to meet his debts, as they become due, and who is being pressed for payments he is unable to meet, can not lawfully make a voluntary deed to a considerable portion of his property. A deed made in such circumstances is fraudulent as to existing creditors, regardless of the intent with which it is made. *Pauly et al. v. Vogle*, 42 Mo. *loc. cit.* 303; *Stevens v. Horner et al.*, 62 Mo. 473; *White v. McPheeters*, 75 Mo. 286.

The instructions given by the court on the part of the plaintiff were not as strong as the undisputed facts warranted, and those given on the part of the defendant were much more favorable to him than he was entitled to. He has no reasons to complain of the instructions. The case on its merits was submitted to the court, sitting as a jury. No evidence on the trial of this issue is preserved in the record. No declarations of law were asked or given. The pleadings support the judgment. There is nothing here to review

on the trial on the merits. It follows that the judgment on the merits and on the plea in abatement should be affirmed, and it is so ordered.

All concur; Judge BIGGS in result only.