## PERKINS v. CANINE.

REFORMATION OF DEED—MISTAKE—NOTICE.

A grantee, through mesne conveyances from the owner of a quarter section, of a parcel described in the deeds in the chain of title as the east half of the quarter section, is entitled to a reformation of the deeds, and a conveyance of sufficient of the land which, according to the governmental line, belongs to the west half, to make up the amount by which the east half falls short of 80 acres, where it was the original intention to convey the full 80 acres, and the owner of the west half was aware of such intention when he purchased, and such land has for years been in the actual possession of such grantee without objection.

Appeal from Washtenaw; Kinne, J. Submitted April 29, 1897. Decided May 25, 1897.

Bill by Anna M. Perkins against Aaron H. Canine to reform a deed. From a decree for complainant, defendant appeals. Affirmed.

Complainant, by warranty deed executed February 5, 1894, obtained the title to E. ½ of N. W. ¼ section 14, township 4 S., range 6 E. She obtained her title by mesne conveyances from one William W. Wallace, who in 1884 was also the owner of the adjoining land, described as the W. ½ of N. W. ¼ of said section. The east half of the quarter did not contain 80 acres, but fell short about six acres. In April, 1884, Wallace contracted to sell to one Rogers "80 acres, being the E. ½ of N. W. ¼ Sec. 14, T. 4 S., R. 6 E." Both parties understood that the governmental description did not contain 80 acres. They therefore measured from the east side of the land west 80 rods, so as to include the amount of land to be conveyed. This made the west line of the lot conveyed six rods west of the surveyed line between the two governmental descriptions. Stakes were stuck on each side, and the line established by sighting through. Shortly after the contract was made, Wallace executed a deed to Rogers, in which the land was described by the governmental subdivision, and of course did not include the six acres of the west half. This is claimed to have been the mistake of the conveyancer, which mistake has been continued in the subsequent conveyances. Mr. Wallace, April 28, 1891, sold the west half by the governmental description, without reserving the six acres, to one Stevens, and Stevens sold by the same description to defendant March 28, 1894. No dispute arose until after defendant purchased, when he laid claim to this six acres which was included in this deed, and attempted to interfere with the possession of complainant. She thereupon filed this bill to correct her deed and compel defendant to convey the land to her. Her claim was sustained by the decree.

*A. J. Sawyer*, for complainant.

*Lawrence & Butterfield*, for defendant.

GRANT, J. (*after stating the facts*). The defendant introduced no testimony except his deeds. We think it established by the evidence that these six acres were sold to Rogers, were intended to be included in the deed from Wallace to him, and that they were left out of the deed by mistake. Nothing occurred to call the attention of the various owners to the mistake until defendant claimed the title. For 10 years the parties had kept up a well-marked line between the two parcels, and complainant and her grantors had cultivated the land in dispute and been in possession of it. There does not appear to have been any dispute as to the location of the line established by the governmental survey. There is evidence to show that Stevens and defendant purchased with knowledge of the claim of Rogers and his grantees, and neither denies it. Defendant paid Stevens $550 for the land, and Stevens gave him a warranty deed. When this suit was commenced, defendant notified Stevens to defend it, and they settled by Stevens' paying him $150. Without stating more fully the testimony, we think the decree was correct.

This is not the question of the settlement of a boundary line, within the rule in *Kilgannon* v. *Jenkinson*, 51 Mich. 240. It is a question as to a mistake in the deeds.

Decree affirmed, with costs.

The other Justices concurred.