LAMB v. SCHIEFNER.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

TRUSTS (§ 93*) — CONSTRUCTIVE TRUSTS — CONVEYANCE BY MISTAKE—ENFORCEMENT—RIGHTS OF EQUITABLE OWNER.

Defendant, who was B.'s agent, received instructions to prepare certain deeds to himself and to plaintiff. Defendant prepared the deed to himself, which contained certain lots in controversy, which B. intended to convey to plaintiff, and later prepared plaintiff's deed containing the same lots, both of which were executed and delivered. *Held* that, the lots having been included in defendant's deed by mistake, defendant held the title as trustee for B., and that plaintiff, after having received his conveyance,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

became the equitable owner, and was therefore entitled to sue to enforce the trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 142; Dec. Dig. § 93.*]

Appeal from Special Term, Nassau County.

Action by Thomas Avery Lamb against Frank H. Schiefner. Judgment for plaintiff, and defendant appeals. Affirmed.

The judgment for the plaintiff is, as prayed for in the complaint, that the defendant holds certain lots of land in trust for the plaintiff, and that he convey the same to the plaintiff. The plaintiff was the brother-in-law, and the defendant the employé, as manager and agent, of one Barton, who lived in Richmond, Va., and owned different parcels of land at Baldwin, Long Island, N. Y. Becoming embarrassed in business, he made six conveyances of different plots of such land to the defendant, one to his (the grantor's) sister, and one to the plaintiff; each conveyance covering several lots or parcels. The lots now in question are included in one of the conveyances to the defendant, dated February 15, 1896, with several other lots. They are also included in the said conveyance to the plaintiff, which was made three days later, with several other parcels. It is found by the learned trial judge that the consideration for the conveyance to the plaintiff was money indebtedness of the grantor to him. He finds a like indebtedness to the defendant and his mother, but nevertheless finds that the conveyance to the defendant was without consideration. It is found that the said lots in question were included in the conveyance to the defendant by mistake on the part of the grantor.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

George Wallace, for appellant.
John J. Crawford, for respondent.

MILLER, J. The nine lots in question were included in the description in one of the deeds given to the defendant, as well as in the deed to the plaintiff. The plaintiff's deed was executed and recorded two or three days later than the defendant's; but both deeds were prepared by the defendant, the agent of the grantor, pursuant to instructions given the defendant at Richmond, Va., at one and the same time. The defendant returned to New York after getting his instructions, prepared the deeds to himself, sent them on to his principal to be executed, and later prepared the deed to the plaintiff and sent that on, wherefore it happened that the plaintiff's deed was later than the defendant's. Obviously a mistake was made in including the description of the said nine lots in both deeds. The trial court found that the grantor did not intend to convey said lots to the defendant, but included them in his deed by mistake, and there is evidence to support that finding. The defendant took the stand in his own behalf, but did not testify that his principal instructed him to include the lots in question in the deed to himself; nor did he deny that he was instructed to include them in the deed to the plaintiff. Only two inferences seem to be permissible. Either the defendant included the lots in question in the description in the deed to himself by mistake, or it was done intentionally to defraud. Adopting the more charitable view, and assuming that the lands were conveyed to the defendant by the

mutual mistake of himself and his grantor, the defendant is then in the position of attempting to retain from the rightful owner premises conveyed to himself by mistake. The question in this case, then, is whether a court of equity is powerless to prevent so unconscionable an act.

There can be no doubt that the grantor could have maintained a suit to reform the conveyance to the defendant, and, if necessary to protect the grantor's rights, equity would have impressed a trust upon the legal title. But it is said that there is no privity between the plaintiff and the defendant, and that the plaintiff's only recourse is to his grantor, who alone can question the deed to the defendant. While the deed to the defendant doubtless conveyed the legal title, there can be no doubt that the equitable title remained in the grantor. Indeed, as between the parties, the conveyance by mistake was no conveyance at all. In truth, the grantor never conveyed the premises to the defendant, but by mistake the defendant obtained a paper record title. There can be no doubt that the subsequent conveyance to the plaintiff conveyed whatever title or interest his grantor had in the land. The plaintiff, then, is the beneficial—the equitable—owner. The defendant has a paper title, which in law is a title to the plaintiff's property, and I fail to perceive any substantial reason why the plaintiff, to protect his rights, must resort to a circuity of action, which can, at best, only succeed in case his grantor consents to unite in the circuit.

There is abundant authority for the proposition that, where one obtains title to land by mistake, he may be treated in equity as a trustee of the legal title for the equitable owner, irrespective of whether the latter ever had the legal title. School Directors v. Dunkleberger, 6 Pa. 29; Smith v. Walser, 49 Mo. 250; Godkin v. Cohn, 80 Fed. 458, 25 C. C. A. 557; Widdicombe v. Childers, 124 U. S. 400, 8 Sup. Ct. 517, 31 L. Ed. 427. In those cases, at the time of the grant made by mistake, another than the grantor was the equitable owner; but I fail to see that that presents a different case. In those cases the legal and equitable titles were in different persons at the time of the grant; in this case the legal and equitable titles were separated by the grant. May v. Adams, 58 Vt. 74, 3 Atl. 187 and Hoyt v. Gooding, 99 Mich. 71, 58 N. W. 41, were suits between grantees to reform deeds, so as to express the intention of the original parties, the respective grantors of each. The point is that the owner of the equitable title, though a remote grantee, may maintain any suit necessary to protect his rights against the holder of the legal title, though also a remote grantee, except the latter be a purchaser in good faith; and, if necessary, equity will impress a trust on the legal title. In Pomeroy's Equity Jurisprudence, § 1045, it is said:

"The specific instances in which equity impresses a constructive trust are numberless—as numberless as the modes by which property may be obtained through bad faith and unconscientious acts."

Suppose that the defendant had intentionally inserted the description of the said lots in his own deed, that would be a plain case of fraud, a familiar case for the exercise of the remedial jurisdiction of equity.

Instead of the case supposed, we have an attempt to hold on to a grant obtained by mistake, an act equally unconscionable.

The question is well discussed by Jenkins, C. J., in Godkin v. Cohn, supra, and the distinction is made between such a case as this and one where both the legal and equitable titles are conveyed by a conveyance which is voidable at the election of the grantor for fraud practiced upon him by the grantee. In the latter case it is said that the conveyance can only be defeated in a direct action by the party defrauded. It should be said, in passing, lest the contrary be assumed, that even the latter proposition, thus broadly stated, is not the law in this state. Moreover, the case of Graham v. R. R. Co., 102 U. S. 148, 26 L. Ed. 106, cited with Crocker v. Bellangee, 6 Wis. 645, 70 Am. Dec. 489, in support of it, only decided that the subsequent creditors of an insolvent corporation could not question a conveyance made with no intent to defraud creditors when it was solvent, though voluntary or for an inadequate consideration—quite a different proposition. In that case, Mr. Justice Bradley discussed the right of a subsequent purchaser to question a previous transfer, obtained from his assignor by fraud, which the latter had acquiesced in (the qualifying clause must not be overlooked), and the effect of the decisions in Prosser v. Edmonds, 1 Y. & C. 481, Dickinson v. Burrell, L. R. 1 Eq. 337, and McMahon v. Allen, 35 N. Y. 403. The first of the three cases last above referred to only held that an assignment of a naked right to bring an equity suit for fraud was bad, as savoring of maintenance and champerty; the second case distinguished that case, and held that the right to bring the suit passed with a grant of the land to which it related; and the McMahon Case, on the authority of the latter, held that a trustee for the benefit of creditors could maintain a suit to set aside a prior conveyance obtained from his assignor by fraud. The last case was cited with approval and followed in Traer v. Clews, 115 U. S. 540, 6 Sup. Ct. 155, 29 L. Ed. 467, wherein the distinction was again taken between an assignment of the naked right to file a bill in equity for fraud committed upon the assignor and the grant of an estate with which the right to file such a bill would pass. So far as I know, or as my research discloses, the proposition decided in the McMahon Case has not been questioned in this state since that decision.

Further discussion of the interesting question of the right of a grantee to attack a prior conveyance of his grantor for fraud practiced upon the latter may be aside from the point involved in this case. It suffices to call attention to the distinction between a conveyance intentionally made, though induced by fraud, which conveys a title both legal and equitable, at least until some act of disaffirmance by the grantor because of the fraud, and a conveyance by mistake, which the grantor never intended to make—the case in hand. In the latter case, the grantor remains the equitable owner, and the authorities hereinbefore cited certainly sustain the proposition that his grantee may maintain a suit in equity to protect his equitable ownership.

Judgment affirmed, with costs. All concur.