CAPITOL SAVINGS & LOAN CO. *v.* STANDARD SAVINGS & LOAN ASS'N.

1. REFORMATION OF INSTRUMENTS—MISTAKE—NOTICE.

Mortgagee, who failed to make physical examination of premises, which would have disclosed mistake in giving mortgage on one lot when it was intended to cover adjoining lot, is chargeable with notice of rights of contract purchasers who occupied house on lot covered by mortgage.

2. SAME—EQUITY.

In suit for reformation of liens and transfer thereof to proper premises, where it appears that mortgagor, by mistake, built on lots other than those intended, and gave mortgages in accordance therewith, and that mortgagees and purchasers of contract interests were also more or less responsible for said mistakes because of their failure to make physical examination of premises which would have disclosed them, decree dismissing bill is reversed, on appeal, and case remanded for further hearing, with instructions to join mortgagor and wife as parties defendant, and, as far as possible, do equity to all parties involved.

Appeal from Oakland; Doty (Frank L.), J. Submitted June 21, 1933. (Docket No. 120, Calendar No. 37,338.) Decided October 2, 1933.

Bill by Capitol Savings & Loan Company, a Michigan Corporation, and others against Standard Savings & Loan Association of Detroit, Michigan, a Michigan corporation, and others for release and transfer of liens on real estate. Bill dismissed. Plaintiffs appeal. Reversed, and remanded.

*Harold E. Howlett,* for plaintiffs.

*Miller, Baldwin & Boos,* for defendant Standard Savings & Loan Association.

Butzel, J. Lots 350, 351, and 352 of Crystal Lake Subdivision adjoin one another on the north side of South boulevard in the city of Pontiac, Michigan. A descriptive plat, taken from defendant's brief, outlines the course of dealings in which these lots were involved with substantial accuracy, and it is appended hereto for the sake of clarity. The Crystal Lake Land Company was at one time owner of all three lots. It sold lot 350 on contract to a third party not involved in this litigation. It agreed to sell and did sell and deed lot 352, and later lot 351, to Telesfor Wisniewski, a builder. In the mistaken belief that he was erecting buildings on lots 351 and 352, Wisniewski built on lots 350 and 351, although all rights and title to the former lot were in another.

The instant suit arises out of this mistake and others that followed in consequence thereof.

Wisniewski built a stucco house on lot 351 instead of lot 352. Wisniewski sold this house and lot on a contract to Alex Kajko and wife on May 5, 1928. The contract describes the property as lot 352. He then secured a mortgage for $1,400 on June 27, 1928, from the Capitol Savings & Loan Company, which failed to make an examination of the premises. It believed that it was loaning money on the stucco house, located on lot 351, but here again the property was described as lot 352. Had the Capitol Savings & Loan Company made a proper investigation, further mistakes might have been avoided, inasmuch as it would have discovered that there was only a frame garage, in use as a dwelling, on lot 352. Wisniewski sold his equity in the land

contract to Olin J. Dunlap on April 8, 1930. Neither Kajko nor Dunlap made a proper physical examination of the premises described in the land contract and deed.

During the same year in which the stucco house was erected, Wisniewski constructed a brick building on lot 350, which he did not own, but obviously in the belief that he was building on lot 351. He secured a deed to lot 351 several months after acquiring title to lot 352, and, following the original mistake, he proceeded, on October 18, 1928, to obtain a construction loan of $5,000 on lot 351 from the Standard Savings & Loan Association, which believed it was receiving a mortgage on the lot improved with the brick house. Had the Standard Savings & Loan Association made a physical examination of lot 351, it would have discovered its error. It must be charged with constructive notice of the rights of Kajko and his wife, inasmuch as they occupied the stucco house built on lot 351. *Hoyt* v. *Gooding,* 99 Mich. 71; *Perkins* v. *Canine,* 113 Mich. 72; *Mason* v. *Mullahy,* 145 Ill. 383 (34 N. E. 36).

In the following year, Wisniewski and wife deeded lot 351 to Joseph Lukasiewicz and wife. The grantees did not assume the $5,000 mortgage running to the Standard Savings & Loan Association. In the early part of 1932, Standard Savings & Loan Association discovered the series of mistakes made by all the parties, and, at an expense of $1,150.82, succeeded in acquiring title to lot 350 by first purchasing an outstanding vendee's interest on a contract from the Crystal Lake Land Company.

The Capitol Savings & Loan Company, whose mortgage balance has been reduced to $975.79, together with Kajko and wife and Dunlap and wife, have brought the instant suit against the Standard

Savings & Loan Association, Lukasiewicz and wife for a release of defendant's liens and interests in lot 351 and the reformation of plaintiffs' liens and interests by transferring them from lot 352 to lot 351. The record is somewhat unsatisfactory. Wisniewski and wife, who seem to have been responsible for the original mistakes that misled all of the parties, are not joined as defendants. It is indicated, though not determined by the present record, that, were plaintiffs' liens and interests transferred unconditionally from lot 352 to 351, and no provision were made in regard to lot 352, it might result in vesting title to lot 352, free and clear from all liens, in Wisniewski, who has not been joined as a party in this suit, though he is largely responsible for all the present difficulties. Such a result would be extremely inequitable. An adjudication affecting his rights in lot 352 cannot be made at this time, as he is not a party to the suit.

According to the testimony, the value of these lots has declined somewhat. Lot 352 is assessed at a valuation of $640; lot 351, improved with the stucco house, has an assessed valuation of $810, and is appraised at $1,100; and lot 350, with a brick house and garage thereon, has an assessed valuation of $3,100 and an appraised valuation of $4,000. Lukasiewicz and wife did not defend the present suit.

It is evident that the balance still due on the mortgage to Standard Savings & Loan Association, $4,601.10, is larger than the appraised value of the property. Were plaintiffs granted the relief requested, it would cause the Standard Savings & Loan Association a great loss. Plaintiffs contend that it should bear this loss, inasmuch as its mistake occurred independently of that made by plaintiffs, that it had constructive notice of plaintiffs' claims

to lot 351 from the Kajkos' possession of the stucco house, and if it had made a physical examination of the premises it would not have made the loan and placed itself in its present unfortunate position. On the other hand, it is argued by defendant that Dunlap and wife, who supposedly purchased the Wisniewski equity in the stucco house and lot failed to make proper investigation long after defendant made its loan.

While we are very much in accord with plaintiffs' claims and particularly those of Kajko and wife, we are also impressed with the opinion of the chancellor, who felt that, in view of the fact that mistakes were made by all concerned with the three adjoining lots, reformation should be granted only on terms equitable to all. After giving the matter very careful consideration, he concluded that there was no way in which equity might be done to all parties, and, therefore, dismissed the bill.

"Equitable relief by way of cancellation is not strictly a matter of right, but rather a remedy the granting of which rests in the sound discretion of the court." *Amster* v. *Stratton,* 259 Mich. 683.

We, however, recognize the fact that there was no mutual mistake, and that notwithstanding the mistakes of plaintiffs, defendant failed to take constructive notice of the possession of lot 351, occupied by Kajko and wife.

We believe that justice to all parties may be achieved by reopening the case in the lower court. Wisniewski should be made a party defendant and further testimony taken as to his part in the series of mistakes made with reference to the three lots. Plaintiffs are entitled to the reformation they seek, but an attempt should be made to work out a decree

by which defendant Standard Savings & Loan Association will be given a decree against Wisniewski, and, if possible, an opportunity to recoup at least in part the loss it will suffer through the removal of its mortgage lien from lot 351. This may possibly be done by declaring a lien in its favor, and allowing foreclosure, on lot 352, title to which, it seems from an inspection of the record, will be left free and clear to Wisniewski by reformation in favor of plaintiffs. If the testimony discloses circumstances which make it impossible to give the defendant security of the nature heretofore outlined, or any other relief, reformation should be granted notwithstanding in favor of the plaintiffs as against defendants.

The case is remanded for further hearing with instructions to join Wisniewski and wife as parties defendant, take further testimony, and render a decree as indicated by this opinion. As all parties are largely responsible for the mistakes that have necessitated this litigation, no costs will be allowed.

McDonald, C. J., and Potter, Sharpe, North, Fead, and Wiest, JJ., concurred. Clark, J., took no part in this decision.

## HISTORY AND DATA

| | | |
|---|---|---|
| Deeded by Crystal Lake Land Company to Telesfor Wisniewski July 5, 1928 | Deeded by Crystal Lake Land Company to Telesfor and Stefania Wisnieski October 16, 1928 | Sold by Crystal Lake Land Company on land contract June, 1926 to E. Shapiro of Toronto, Ontario |
| Mortgaged by the Wisniewskis to Capitol Savings & Loan Company for $1,400 on June 27, 1928 | Mortgaged by the Wisniewskis to Standard Savings & Loan Ass'n for $5,000 October 18, 1928 | Contract assigned by Shapiro to James Tupper February 12, 1932 |
| Sold on land contract by Wisniewskis to Alex Kajko and wife May 5, 1928 | Deeded by the Wisniewskis to Joseph Lukasiewicz and wife July 6, 1929, who did not assume the mortgage | Contract assigned by Tupper to Standard Savings & Loan Ass'n March 4, 1932 |
| Deeded by Wisniewskis and contract assigned Wisniewskis to Olin J. Dunlap April 8, 1930 | | Deeded by Crystal Lake Land Company to Standard Savings & Loan Ass'n and land contract surrendered March 1, 1932 |

| LOT 353 | LOT 352 FRAME GARAGE USED AS A DWELLING ASSESSED VALUATION $640 | LOT 351 STUCCO HOUSE ASSESSED VALUATION $810 APPRAISED VALUATION $1,100 | LOT 350 GARAGE BRICK HOUSE ASSESSED VALUATION $3,140 APPRAISED VALUATION $4,000 | LOT 349 |

SOUTH BOULEVARD