■ DARIC SCHLESSELMAN, Respondent, v KATHLEEN BENDSEN et al., Defendants, and ROBERT LOPEZ, Appellant. [—— NYS2d ——]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the defendant Robert Lopez appeals from a judgment of the Supreme Court, Kings County

(Vaughan, J.), dated March 8, 2007, which, upon a special jury verdict, and upon the denial of his motion pursuant to CPLR 4404 to set aside the special jury verdict as contrary to the weight of the evidence, declared that a deed from the defendant Kathleen Bendsen to him dated November 8, 2002, and recorded on June 5, 2003, purporting to convey an interest in the subject real property, is void and that he has no interest in the premises.

Ordered that the judgment is affirmed, with costs, and the complaint is conformed to the evidence adduced at trial.

The plaintiff, Daric Schlesselman, commenced the instant action pursuant to RPAPL article 15 to compel the determination of claims to real property that allegedly he acquired by virtue of a deed dated June 6, 2003, and recorded on July 9, 2003, from the defendants Kathleen Bendsen and Betty R. Oliver, who together owned the property as tenants in common. According to the plaintiff, unbeknownst to him, the defendant Robert Lopez purportedly acquired an interest in the premises from Bendsen by virtue of a deed dated November 8, 2002, and recorded on June 5, 2003 (hereinafter the Lopez deed), one day prior to the date of the closing at which the plaintiff's deed was executed. The plaintiff alleged in his complaint, inter alia, that the defendants had conspired to defraud him.

During the trial of the action, the plaintiff presented evidence that Lopez had fraudulently induced Bendsen to execute the Lopez deed. At the close of the plaintiff's case, Lopez moved to dismiss the complaint insofar as asserted against him based upon the plaintiff's failure to prove his case. The court reserved decision on the motion but ultimately charged the jury, inter alia, regarding the plaintiff's claim that Lopez defrauded Bendsen into executing the Lopez deed, and the court submitted a special verdict sheet to the jury pertaining solely to the plaintiff's claim that Lopez fraudulently induced Bendsen to execute the Lopez deed.

The jury returned a special verdict pursuant to which it found that Lopez had fraudulently induced Bendsen to execute the Lopez deed. Lopez moved to set aside the verdict as contrary to the weight of the evidence. The Supreme Court denied that motion and, thereafter, a judgment was entered declaring that the Lopez deed is void and that Lopez has no interest in the property.

"A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]). "It is for

the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*id.*). Here, contrary to Lopez's contention, the jury's special verdict was supported by a fair interpretation of the evidence adduced at trial. Accordingly, the verdict was not contrary to the weight of the evidence.

In light of the jury's findings of fact as set forth in its special verdict, the Supreme Court properly declared the Lopez deed void and that Lopez has no interest in the subject real property (*see McMahon v Allen*, 35 NY 403, 405 [1867]; *see also Lamb v Schiefner*, 129 App Div 684, 688 [1908]).

Lopez's remaining contention is without merit. Santucci, J.P., Angiolillo, Belen and Chambers, JJ., concur.