WESTGATE *v.* DRAKE.

1. DIVORCE—RECEIVERS—VALIDITY OF APPOINTMENT—EXTENT OF POSSESSION—MOTION TO DISSOLVE INJUNCTION—QUESTIONS REVIEWABLE.

  The validity of the appointment of a receiver for certain property of a husband, upon petition of wife who had procured a divorce with an award of alimony of a one-half interest in such assets, and the extent of the receiver's possession may not be questioned upon motion to dissolve receiver's injunction against parties whom plaintiff wife had claimed were concealing husband's assets as such motion did not raise such an issue.

2. RECEIVERS—POSSESSION.

  Where a receiver is personally at fault in wrongfully taking possession of property belonging to and in possession of a third party, the receivership is no protection to him, but it is the duty of the court to protect a receiver against interference with his possession of property belonging to the estate in receivership.

Appeal from Kent; Hoffius (Cornelius), J. Submitted March 18, 1940. (Calendar No. 41,025.) Decided June 5, 1940.

Divorce proceeding between Bertha L. Westgate and Elmore L. Westgate. Petition by plaintiff to add Howard K. Drake, Nellie Drake, and others as parties defendant, for an accounting, appointment of a temporary receiver, and other relief. On appeal from denial of motion by defendants Drake to dissolve injunction granted receiver. Affirmed.

*Earl Waring Dunn,* for plaintiff Westgate.

*Laurence W. Smith,* for the receiver.

*Michael Garvey,* for defendants Drake.

McALLISTER, J.   On November 30, 1938, Bertha L. Westgate was awarded a decree of divorce from Elmore L. Westgate with provisions of alimony granting her a one-half interest in all of his rights in an oil business known as the Direct Refinery Stations.   Because of her inability to ascertain the exact nature of the ownership of Mr. Westgate in such business, plaintiff filed a petition in the divorce proceedings setting forth that her husband and defendants herein, as well as others, were engaged in a conspiracy to cheat her out of her rights in the business by concealment of property rights and ownership; that Elmore L. Westgate was the real owner of the business but that in order to defraud her he had covered up such interests under the names of others.   In her petition, Mrs. Westgate prayed that defendants and others be joined as defendants in the proceedings and that they show cause why a temporary receiver should not be appointed for the Direct Refinery Stations.

After a delay of several weeks, during which time it was impossible to make personal service of process or service of order to show cause upon defendants, and in order to conserve the business, the circuit court, after a hearing in which various other respondents appeared, appointed a receiver.   An order of publication was necessary to secure service upon defendants in plaintiff's action; and it was not until June 12, 1939, four months after the appointment of the receiver, that they entered their appearance and at the same time filed their answer to plaintiff's petition.   In their answer, they denied that they were concealing property from plaintiff or defrauding her out of her rights, and denied that she was entitled to the appointment of a receiver.

On September 9, 1939, the receiver filed a petition for an injunction against defendants and others alleg-

ing interference with employees of the receiver and obstruction of the receivership; and on the same day the circuit court enjoined defendants from "communicating with, molesting or interfering in any way with any of the agents or employees of Fred G. Timmer, receiver, or with any of the operators or employees of operators of any of the Direct Refinery Stations cooperating with this receiver, buying their petroleum products from him, employed by him or operating in conformity with him, or from going upon or near the premises on which said Direct Refinery Stations are located or making any threats of violence either directly or indirectly against said employees of said receiver or said station operators or their employees and further that you do absolutely and entirely desist and refrain from attaching or levying upon the property or assets of said Direct Refinery Stations' business or the wholesale business connected therewith and from interfering with or in any manner disturbing any portion of the property or assets now or hereafter in the possession of said receiver or in the possession of any of his agents or employees or of the aforesaid station operators of the Direct Refinery Stations who are cooperating with and operating under the jurisdiction and control of the receiver herein, during the pendency of said receivership or until the further order of this court in the premises."

Defendants filed a motion to dissolve the injunction, which was denied by the circuit court, and they were given leave to appeal. The question presented on review is whether the trial court erred in denying the motion to dissolve the injunction.

Defendants complain that the court improperly enjoined them from interfering with the receiver's possession of the premises and business of the Direct Refinery Stations. Defendants claim that they are

the owners of this property. No attack upon the order appointing the receiver is made as far as the record discloses, except in defendants' answer; and they could not attack the validity of such an appointment, or question the extent of the receiver's possession, on a motion which did not raise such an issue. We are of the opinion that there is no merit in defendants' contention on appeal from the order denying the motion to dissolve the injunction. The conduct enjoined was interference with the possession of the receiver. It would be unlawful, in any event, so to interfere, and the injunction only emphasized the law to defendants.

In support of their claim that they are improperly enjoined from bringing actions against the receiver, defendants rely upon *Gutsch* v. *McIlhargey,* 69 Mich. 377; *Kenney* v. *Ranney,* 96 Mich. 617; and *McAfee* v. *Bankers Trust Co.,* 253 Mich. 685. These cases are not applicable for the reason that they involved personal actions and were not against defendants in their capacity as receivers. Where a receiver is personally at fault in wrongfully taking possession of property belonging to and in possession of a third party, his receivership is no protection to him. But it is the duty of the court to protect a receiver against interference with his possession of property belonging to the estate in receivership. See *McAfee* v. *Bankers Trust Co., supra.*

The order of the trial court is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.