WESTGATE *v.* DRAKE.

TIMMER *v.* DRAKE.

1. RECEIVERS—JUDGMENT—RES JUDICATA—CERTIFICATE OF TITLE—
   TRACTOR USED IN GOING BUSINESS.

   Order which authorized receiver, appointed as custodian of hus-
   band's assets on petition of the wife in a divorce proceeding,
   to trade in tractor used in the husband's business for a new
   one ·was *res judicata* in receiver's later proceeding to cancel
   duplicate certificate of title issued to a party claiming owner-
   ship of the old tractor and to consummate the transfer which
   had already been authorized, where claimant, defendant herein,
   had unsuccessfully sought leave to appeal from such order and
   business is yet in the hands of the receiver, and, since defend-
   ant's claim can be litigated in receivership proceeding, receiver
   need not keep old tractor pending disposition of claimant's
   interest therein.

2. AUTOMOBILES—CANCELLATION OF DUPLICATE CERTIFICATE OF TITLE
   —RECEIVERS—COURTS—SECRETARY OF STATE.

   Under statute authorizing secretary of State to revoke registra-
   tion of any outstanding certificate of title of a motor vehicle
   whenever he may determine a party not entitled to the same
   and that when ownership shall pass by operation of law he
   might issue a new certificate of title, court order in receivership
   proceedings cancelling a duplicate certificate of title to tractor,
   which had been issued to party claiming title to tractor used
   in business of receivership, and authorizing issuance of new
   certificate of title to purchaser from receiver was not error
   (1 Comp. Laws 1929, § 4658 *et seq.*, as amended by Act No. 160,
   Pub. Acts 1935).

Appeal from Kent; Hoffius (Cornelius), J. Sub-
mitted May 7, 1940. (Calendar No. 40,995.) De-
cided June 5, 1940.

Divorce proceedings by Bertha L. Westgate
against Elmore L. Westgate. Petition by plaintiff
to join Nellie Drake and others as defendants in the

divorce suit, for the appointment of a receiver, and other relief. On petition by Fred G. Timmer, temporary receiver, for an order cancelling a duplicate certificate of title in name of Nellie Drake and authorizing the Secretary of State to issue new title to purchaser from the receiver. Defendant reviews order cancelling certificate of title to Nellie Drake and authorizing transfer by appeal in the nature of mandamus. Affirmed.

*Laurence W. Smith,* for receiver.

*Michael Garvey,* for defendant.

McALLISTER, J. In a divorce decree Bertha L. Westgate was awarded a one-half interest in the property of her husband, which consisted, among other assets, of the business of the Direct Refinery Stations, an enterprise for the sale of gasoline products. Because of the fact that, after the filing of her bill of complaint, her husband, as she alleged, had proceeded to convey his property to others engaged with him in this business enterprise, with the object of defrauding her out of her interests therein, Bertha L. Westgate petitioned for the appointment of a receiver of the properties of the Direct Refinery Stations, for the conservation of such property, and the carrying on and maintenance of the business, pending allocation to her of the interests awarded by the decree of divorce. On her petition a receiver was appointed. Various parties have filed answers to her petition for receivership, denying her allegations and claiming interest in the property used in the conduct of the business now in the hands of the receiver. These issues are as yet undecided and are pending in the receivership proceedings before the circuit court. One of the parties who filed an answer in such receivership action is Nellie Drake, appellant in the

instant proceedings. She claims that a certain tractor used in the oil business belongs to her. Nellie Drake was the bookkeeper of Elmore L. Westgate, to whom, it is alleged, certain transfers of property were made after the filing of the bill of complaint in the divorce action by Bertha L. Westgate. The receiver petitioned the circuit court for authority to trade the tractor in question, together with a payment of cash, for a new tractor of the same model, in carrying out the business of the receivership. In answer to such petition, defendant Drake filed objections; and a hearing was had in which she was represented. Testimony was taken concerning the issues raised by the petition and defendant's objections, and thereafter on August 16, 1939, the circuit court granted the petition and authorized the receiver to trade the tractor in question. Defendant sought leave to appeal from the order of the circuit court which was denied by this court, without prejudice. The receiver traded the tractor and secured a new tractor in its place. However, when it became necessary to deliver a certificate of title to the party to whom the receiver had traded the tractor, it was discovered that, although the receiver had possession of the certificate of title, standing in the name of defendant Drake, defendant had previously procured a duplicate certificate of title from the secretary of State. Because of the fact that there is a duplicate certificate of title in the hands of defendant Drake, which she refused to surrender, the receiver petitioned the circuit court to cancel such duplicate and to authorize the secretary of State to issue a new certificate to the purchaser of the tractor. Defendant Drake filed an answer to this petition, and, after the taking of the testimony, the court, on November 29, 1939, granted the petition, ordering the duplicate certificate cancelled and authorizing the secretary of State to issue a new certificate upon

presentation of the original certificate by the receiver. From such order defendant was granted leave to appeal.

Defendant raises numerous questions regarding the validity of the appointment of the receiver; questions the right of the court to cancel the duplicate certificate; claims that she has been denied due process; and contends that the receiver is not the real party in interest in the proceeding. We are of the opinion that all of these claims are without merit. The order authorizing the trading of the tractor was made August 16, 1939, and, so far as this proceeding is concerned, is *res judicata*. The subsequent order of November 29, 1939, was only for the purpose of enabling the purchaser from the receiver to secure a valid certificate of title in consummating the transfer which had already been authorized. Defendant's counsel, in the course of the proceedings, suggested to the court that the tractor be held by the receiver pending the determination of defendant's claims in the receivership proceeding. The court, in authorizing the transfer of the tractor, concluded that it would be for the best interests of the business in receivership to dispose of the old tractor and secure a new one in its place. Any claimed interests of defendant in any property used in the business of the Direct Refinery Stations, as now carried on by the receiver, can be adjudicated in the pending receivership action to which defendant Drake is a party and in which she has filed her answer.

As to the action of the circuit court cancelling the duplicate certificate and authorizing the secretary of State to issue a new certificate, there was no error. According to statute, Act No. 46, Pub. Acts 1921 (1 Comp. Laws 1929, § 4658 *et seq.*), as amended by Act No. 160, Pub. Acts 1935, it is provided that the secretary of State may revoke registration of any outstanding certificate of title whenever he may de-

termine that an applicant is not entitled to the same, and that, when ownership of a motor vehicle shall pass by operation of law, such officer may issue a new certificate of title. Upon presentation of the order of the circuit court, such officer would doubtless revoke the duplicate and cause a new certificate to be issued in accordance with the court's direction. The order of the court only seeks to effectuate the object of the statute in such a case.

The order of the circuit court is affirmed, with costs to the receiver.

Bushnell, C. J., and Sharpe, Potter, Chandler, North, Wiest, and Butzel, JJ., concurred.