WESTGATE v. LARSEN.

1. DIVORCE—RECEIVERS—JURISDICTION.

Order of court who had appointed receiver for husband's assets in divorce proceeding, which order directed that lessee of gasoline station who had been served with an order to show cause why lease under which he held should not be cancelled or, in lieu thereof, he be required to recognize receiver's control in the operation of the station to the exclusion of the husband and his associates, afforded the lessee his day in court although he chose to ignore it; hence his temporary dispossession by receiver because of failure to comply with order was within jurisdiction of court in receivership proceeding.

2. SAME—RECEIVERS—GASOLINE STATION—MANDAMUS.

Although operator of gasoline station which plaintiff wife in divorce suit claimed was an asset of defendant husband was not entitled to writ of mandamus vacating order subjecting such asset temporarily to control of receiver, denial of mandamus is made without prejudice to station operator's right to be heard under supplemental petition of plaintiff and answer of station operator in which issue of right to control of station was raised, notwithstanding station operator had failed to appear and answer in show-cause hearing.

Appeal from Kent; Hoffius (Cornelius), J. Submitted October 24, 1940. (Docket No. 134, Calendar No. 40,894.) Decided February 7, 1941.

Divorce proceedings between Bertha. L. Westgate and Elmore L. Westgate. On petition of plaintiff wife, Fred G. Timmer was appointed receiver of the Direct Refinery Stations. From order relative to receiver's control and possession of certain assets, defendant Larsen appeals. Affirmed.

*Laurence W. Smith,* for receiver.

*J. A. Weitzel,* for defendant Larsen.

Boyles, J. This case arises out of the receivership pending under the decree of divorce in *Westgate* v. *Westgate,* 291 Mich. 18. The appointment of the receiver was upheld by this court in *Westgate* v. *Westgate,* 294 Mich. 88; *Westgate* v. *Drake,* 294 Mich. 116; and *Westgate* v. *Drake,* 294 Mich. 120. The situation in the instant case is somewhat similar to that considered by us in *Westgate* v. *Adams,* 293 Mich. 559. For a complete understanding of the facts and circumstances, see the above opinions.

In the case at bar, an order to show cause in the pending receivership was served upon defendant Larsen February 21, 1939, directing him to show cause why the lease under which he held a gasoline station should not be cancelled, or, in lieu thereof, he be required to follow the instructions of the receiver and recognize the receiver's control in the operation of such station to the exclusion of Westgate and associates. This was a part of the receivership proceedings wherein the receiver had been ordered to collect, take possession of, conserve and control certain filling stations and other property of Westgate and associates. Larsen did not appear or answer in court in response to this order. On March 16, 1939, the circuit judge before whom receivership was pending entered a temporary order on the show cause hearing, directing the receiver to continue the operation of the Peter Larsen station at Greenville, appointed Larsen the custodian of the assets, and directed him to account for the same to the receiver. The order further provided that if Larsen failed to perform certain conditions, the receiver was authorized to take possession of the station.

The obvious purport of this order was to put the receiver in the place of Westgate and associates, as applied to the Greenville station. It was substantially the same as the order referred to in *Westgate* v. *Adams, supra,* the essential difference, however, being that in the *Adams Case* the defendant appeared and consented, while, in the case at bar, Larsen elected not to appear. We consider that Larsen had the opportunity for his day in court although he chose to ignore it. He took no further notice of the effect of the order until after a writ of assistance issued by the court August 21, 1939, finding that Larsen had not complied with the order and directing the sheriff to remove Larsen from the premises and to put the receiver in possession thereof. On September 29, 1939, Larsen filed in this court an application for leave to appeal from the order of March 16th and perfected his appeal in November.

Defendant claims that the court had no jurisdiction to make the order of March 16th, that he was not properly made a party thereto. He had notice by service of the order to show cause, and we consider that his failure to appear and answer leaves him in the same situation as in *Westgate* v. *Adams, supra.* This is a receivership matter and the court has jurisdiction.

Defendant further claims that he has not had an opportunity to be heard upon the merits of his claims. In the order of March 16th, the court said:

"Nothing in this order shall be construed as a final determination of any issues pertaining to title or property claims other than temporary possessory rights, and the entry and operation of this order is deemed to be imperatively necessary only because of the emergency disclosed by the testimony taken

herein and the fact as established by such testimony that only by extending said temporary receivership to all of the alleged properties can the rights and interests of all parties be conserved, pending disposition on the merits. All such issues pertaining to title or property claims or rights are hereby reserved until hearing on the merits.''

The court further protected the right of Larsen to a hearing upon the merits in the same order by including therein the following provision:

''The above-named operator (Larsen) shall be made a party to the receivership proceeding by the plaintiff, through proper amendment to her petition or supplemental bill and through service of proper process herein, and shall be permitted to answer said petition and bill and to be heard fully on the merits, and such cause shall proceed to hearing upon the merits promptly after becoming at issue.''

In pursuance of the above, on March 18th the plaintiff filed a supplemental petition as to a number of defendants, including Larsen, stating:

''11. That as to the balance of said defendant station operators, namely, * * * Peter C. Larsen, * * * while they have been and are operating stations as a part of the Direct Refinery Stations business, your petitioner does not know what, if any, claims they are making or may make with reference to the leasehold interests in said stations or their possessory rights in connection therewith, but that your petitioner feels if their rights are not determined herein, that they may at a later time take a position adverse to your petitioner and your receiver, such that it might be necessary at a later date to repeat all of these proceedings, that in order to determine finally the rights of all of the said station operators in connection with this receivership it is necessary now

that their rights in connection with this receivership be determined by order of this court.''

On May 27th Larsen filed an answer to the above supplemental petition, raising certain issues, stating he was willing to make an accounting, et cetera, and that he was ready and willing to abide by the orders of the court with respect to the operation of the station. He asked that his status be definitely determined by the court.

It is conceded that no hearing has been held upon this supplemental petition and answer. The defendant is entitled to have his day in court on the issues raised therein. We must assume that his rights will be fully considered and protected by the court on such hearing.

Defendant's petition for mandamus to set aside the order of March 16, 1939, and the writ of assistance issued thereunder on August 21, 1939, is denied, without prejudice to defendant's right to a hearing under the supplemental petition and answer. Plaintiff may have costs of this court.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.