WESTGATE *v.* WESTGATE.

· APPEAL OF STATE.

1. DIVORCE—RECEIVERS—APPOINTMENT.

The appointment of a receiver by court in a divorce case is authorized by statute and was proper where wife was awarded a one-half interest in the property owned by the husband who refused to disclose any information regarding his property and did all in his power to thwart the provisions of the decree (3 Comp. Laws 1929, § 12747).

2. EVIDENCE—FRAUD—PRIMA FACIE CASE—DEFENDANT'S FAILURE TO TESTIFY.

In suit for divorce wherein plaintiff wife made out a prima facie case of fraud in the matter of defendant's failure to disclose his property, the failure of such defendant to testify is in itself a badge of fraud.

3. APPEAL AND ERROR—CHANCERY CASES HEARD DE NOVO.

Supreme Court hears chancery cases *de novo* and will not reverse decrees of lower court unless persuaded they are not in accordance with the just rights of the parties.

4. DIVORCE—AWARD OF PROPERTY NOMINALLY HELD BY OTHERS —EVIDENCE.

Decree in divorce case, made after hearing on several supplemental petitions and orders to show cause wherein court awarded plaintiff wife a half interest in various properties owned by husband although businesses and assets were nominally held by various defendants and appellants and requiring such defendants to execute quitclaim deeds thereof is affirmed where no prejudicial error appears to have been made as to such appellants.

5. TAXATION—SPECIFIC TAX ON GASOLINE—PAYMENT BY WHOLESALE DEALER.

The payment of the State specific tax on gasoline is a personal obligation of the wholesale dealer (1 Comp. Laws 1929, § 3583, as amended by Act No. 166, Pub. Acts 1935).

6. APPEAL AND ERROR—DIVORCE—SUPREME COURT—CLAIMS AGAINST RECEIVER.

On appeal from decree in suit for divorce awarding various claims against assets in hands of receiver, Supreme Court deals with equitable principles *de novo* (3 Comp. Laws 1929, § 12747).

7. TAXATION—SPECIFIC TAX ON GASOLINE WHOLESALE DEALER—DIVORCE—PREFERENCES.

Share of property, consisting of business of wholesale dealer in gasoline, awarded wife in decree of divorce, is subjected to payment of specific tax on gasoline after State has exhausted its remedies against her husband, the dealer, those under whose names he operated, their sureties, and the receiver, as under the theory of unjust enrichment it is equitable that deficiency then remaining be so charged, otherwise her share would be enhanced by moneys collected for, and not remitted to, the State (1 Comp. Laws 1929, § 3583, as amended by Act No. 166, Pub. Acts 1935).

8. RECEIVERS—DIVORCE—PREFERENCES—ATTORNEY FEES.

Preference against assets in hands of receiver, appointed in divorce proceedings, was properly allowed over all claims, including that of State for unpaid specific taxes on gasoline owed by defendant husband, a wholesale gasoline dealer, for attorney's fee of plaintiff's attorney where his efforts resulted beneficially for all parties, including the State, and such fee was properly classified as an expense of the receivership (1 Comp. Laws 1929, §3583, as amended by Act No. 166, Pub. Acts 1935).

9. SAME—PREFERENCES—REFUND FOR INCOME TAX PAYMENT.

Refund by receiver to an individual of amount latter had paid for income tax owed by person whose assets were in receivership incident to divorce proceedings was properly allowed as a claim preferred over other preferred and general claims since it was just and equitable to do so.

Appeal from Kent; Hoffius (Cornelius), J. Submitted January 7, 1943. (Docket No. 43, Calendar No. 41,918.) Decided May 18, 1943. Certiorari denied by Supreme Court of the United States October 11, 1943.

Bill by Bertha L. Westgate against Elmore L. Westgate for divorce. On plaintiff's petition Fred G. Timmer was appointed receiver of Direct Re-

finery Stations. Other parties defendant were added on petition of plaintiff. The State of Michigan and the United States filed claims for taxes. From decree settling rights of all parties, defendants Westgate, Drake, Smith, and Carl appeal. State of Michigan cross-appeals. Modified and affirmed.

*Earl Waring Dunn,* for plaintiff.

*Michael Garvey,* for defendants and appellants.

*Laurence W. Smith,* for receiver.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *John A. Bradshaw,* for State of Michigan.

*Samuel O. Clark, Jr.,* Assistant Attorney General, *Sewall Key, Helen R. Carloss, Homer R. Miller,* and *James L. Chapman,* Special Assistants to Attorney General, and *Joseph E. Deeb,* United States Attorney, for the United States.

BUSHNELL, J. The matters involved in this appeal result from a suit for divorce brought by plaintiff Bertha L. Westgate against defendant Elmore L. Westgate. A decree for plaintiff, in which she was awarded a one-half interest in the property owned by defendant, was affirmed in *Westgate* v. *Westgate,* 291 Mich. 18, and reservation by the trial court of jurisdiction of the parties and the subject matter was approved. In that opinion this court said (p. 29):

"Under these circumstances, we are of the opinion that jurisdiction in this case should be retained by the trial court to supplement the decree by further orders, in accordance with the foregoing, with regard to the specific property interests owned by de-

fendant at the time of entry of the decree, whenever sufficient proof is adduced, and on application by either of the parties with proper notice; and such modification of the decree for purposes of clarity and definiteness is hereby adjudged.''

Because the defendant continued in his refusal and failure to disclose any information regarding his property, and did all in his power to thwart the provisions of the original decree, the trial court appointed a receiver, such appointment being authorized by 3 Comp. Laws 1929, § 12747 (Stat. Ann. § 25.105).

Since affirmance of the divorce decree, a large number of miscellaneous applications and petitions have been presented to, and considered by, this court. Additional opinions which contain much of the factual background of the present appeal have been written and are reported as follows: *Westgate* v. *Adams,* 293 Mich. 559, relative to the receiver's control and possession of certain property withheld by Leroy Smith and Lyle R. Adams; *Westgate* v. *Westgate,* 294 Mich. 88, regarding defendant's appeal from an order allowing attorney's fees; *Westgate* v. *Drake,* 294 Mich. 116, being Drake's appeal from the denial of his motion to dissolve an injunction granted the receiver; *Westgate* v. *Drake,* and *Timmer* v. *Drake,* 294 Mich. 120, having to do with receiver Timmer's petition to join Nellie Drake and others as defendants, and for an order cancelling a duplicate certificate of title issued to Nellie Drake; *Westgate* v. *Larsen,* 296 Mich. 434, relative to receiver Timmer's control and possession of certain assets claimed by Larsen; *Westgate* v. *Westgate,* and *Timmer* v. *Sanderson,* 296 Mich. 439, concerning the receiver's control of certain assets claimed by defendants Sanderson.

The present appeal is from a decree entered on January 18, 1941, after various hearings on several supplemental petitions, and orders to show cause issued thereon, and on the claims of the United States of America and the State of Michigan. The appellants are Elmore L. Westgate, the defendant in the divorce action; Russell Westgate, his son; Howard K. Drake and Nellie Drake, his wife; and Leroy Smith and Lester Carl, all of whom were brought in by an order joining them as defendants; and the State of Michigan, which filed a claim for unpaid gasoline taxes. The United States of America, a claimant for unpaid income and social security taxes, and Claire C. Reynolds, another defendant brought in by the receiver, have not appealed and appear here as appellees.

The trial judge found that Elmore L. Westgate was the sole and unconditional owner of the business known as Direct Refinery Stations, and of the wholesale business connected therewith, and that from August 10, 1937, when the divorce suit was commenced, to February 3, 1939, when Fred G. Timmer was appointed receiver, none of the other defendants had acquired any title or interest in the property; that by virtue of the divorce entered on November 30, 1938, plaintiff Bertha L. Westgate, on August 10, 1937, became the sole and unconditional owner of one-half of the property of Elmore L. Westgate and one-half of all the income and profits therefrom. He also found that Westgate, through defendant Howard K. Drake, wrongfully and fraudulently withdrew from the business $50,000 in violation of the injunctions entered on August 10, 1937, and January 10, 1939, the decree of November 30, 1938, and the order of February 3, 1939, appointing the receiver, and the court ordered Westgate and

Drake to account for these moneys, and required Westgate to make restitution of this $50,000 to the receiver, holding Drake jointly and severally liable with him for $35,000 of this amount.

The court held that certain properties located in Alpena, Flint, Lansing, Manistee, Owosso, Petoskey, Traverse City and Three Rivers were purchased with funds belonging to Westgate and accruing from the business in question; and that neither Howard K. Drake, Nellie Drake, nor Leroy Smith, had any actual or beneficial interest or title to any of these properties and required them to execute quitclaim deeds to the receiver therefor. Plaintiff was further found to be a one-half owner of seven trucks, trailers and tractors, and the defendants who held certificates of title to these vehicles were ordered to assign such certificates to the receiver.

The court determined that all moneys paid the receiver and all property conveyed and transferred to him in accordance with the foregoing findings should be held by him in trust, one-half for the benefit of plaintiff Bertha L. Westgate, and one-half for the benefit of defendant Elmore L. Westgate, subject to any further orders and decrees of the court; and all of the defendants were enjoined from selling or transferring any of the receivership assets and from incumbering them in any way.

The court held that leases on stations operated in the cities of Muskegon, Holland, Battle Creek, Kalamazoo and Three Rivers were owned by defendant Elmore L. Westgate on February 3, 1939, and that all agreements between Westgate, Reynolds, or Drake, and the respective station operators were executed in fraud of the rights of plaintiff, and were null and void as to her and those creditors whose claims were allowed.

The trial judge found the businesses conducted in the cities of Grand Rapids, Fremont and Portland were likewise owned and controlled by Westgate, and that receiver Timmer, upon his appointment, became vested with all rights of control and management over these stations and those in the cities of Muskegon, Holland, Battle Creek, Kalamazoo, Three Rivers, Owosso, Manistee, Petoskey, Traverse City, Lansing and Flint. The operators of these stations were ordered to account to the receiver. The court also directed the receiver to enter into an accounting with defendants Sanderson Brothers, Lester Carl, Edward Klein, Russell Westgate, Leroy Smith, Peter Larsen, Oscar Koehler, Henry Woodruff, Clarence Zylstra, Henry Frens, Elice Roberts, John Dykema, Arthur LeFebvre, Lyle Adams, Howell Brooks, Floyd Van Hoven and Claire C. Reynolds, and any other defendants operating Direct Refinery Stations included within the receivership. The court determined that within six months from the date of the filing of such accounting the receivership should terminate, unless further time be granted for the purpose of liquidation, and for distribution of assets.

The court allowed the claim of the State of Michigan for unpaid gasoline taxes in the sum of $17,027.50 as of February 3, 1939; and the claims of the collector of internal revenue for the United States of America for income taxes in the sum of $133,151.94, as of November 22, 1940, and for social security taxes in the sum of $9,774.43 as of the same date. These amounts were allowed as preferred claims with penalties and interest against Westgate's share, payable ahead of common creditors on the same basis and equality as to each other but pro rata as to amount, to be paid out of the receiver-

ship assets, subject only to administration expenses, alimony, attorney fees, and the satisfaction of the property rights of plaintiff Bertha L. Westgate.

Moneys deposited in the names of Nellie Drake and Howard K. Drake in the Isabella County Savings Bank, Manistee County Savings Bank and the Traverse City State Bank, which had theretofore been impounded by order of the court, were held to be the property of Westgate, free from any liens, and the respective banks were authorized to pay these moneys, totaling $19,795.71, to the receiver. The withdrawals by Bertha L. Westgate from the receivership assets for her support and maintenance since November 9, 1939, were held to be chargeable against her share of the assets and profits of the business, and she was allowed $2,500 for her attorney's fee, payable out of Westgate's share, subject to a deduction of $750 which had theretofore been paid. The unpaid balance was given precedence as an expense of the receivership over allowed claims. The court held that, because the receivership had been made necessary solely and entirely through the wrongful conduct of Westgate and his associates, he should bear its operating expenses. The receiver was directed to repay to defendant Claire C. Reynolds the sum of $524.84, which had been paid by him personally for income tax, properly chargeable against Westgate.

The court, in reserving jurisdiction of the parties and the subject matter for the purpose of amending and supplementing its decree with respect to accountings and other necessary orders, also reserved jurisdiction with respect to the stations at Alpena and Greenville, operated by defendants Sanderson Brothers and Peter Larsen, because of their pending appeals which were subsequently determined. See *Westgate v. Larsen, supra,* and *Timmer v. Sanderson, supra.*

The questions raised by appellants Elmore L. Westgate, Russell Westgate, Howard K. Drake, Nellie Drake, Leroy Smith and Lester Carl relate to matters of jurisdiction, pleadings, evidence, failure of proof, and claimed erroneous conclusions on the part of the trial judge.

An examination of the testimony supports the conclusion reached by the trial judge that "the entire transaction from beginning to end is tainted with fraud, trickery and deceit," and that certain defense testimony is "fantastic and unbelievable."

Defendant Elmore L. Westgate has endeavored in every way to thwart the provisions of the original decree which was affirmed in *Westgate* v. *Westgate,* 291 Mich. 18. He has not testified or appeared in court and, so far as this record discloses, has evaded every attempt to produce him as a witness. Plaintiff introduced sufficient testimony to make out a prima facie case of fraud. Under the circumstances of this case, Westgate's failure to testify is in itself a badge of fraud. *Detroit Trust Co.* v. *Hockett,* 278 Mich. 124, 138.

The record does, however, contain his testimony and that of Howard K. Drake and Russell Westgate at a conference held January 30 and February 1, 1940, at the request of Westgate, in the penal division of the office of the chief counsel of the Bureau of Internal Revenue. This testimony was characterized by the trial judge as "contradictory, inconclusive and unbelievable." We are in accord with this characterization and the further statement by the court that:

"No cooperation was given the court by the principal defendant, Mrs. Drake, or their joint counsel. Opposition and obstruction was encountered in every step taken, through their joint counsel, from the inception of the receivership and prior thereto, until the last hearing was held. The testimony received

had to be obtained in the hard, laborious and roundabout way. * * * The tangled skein of the partnership, agency or sale, or whatever it may have been as between Mr. Westgate, Nellie Drake and Howard K. Drake, remains unexplained from their side. Howard Drake alone made a garbled, unsatisfactory and unbelievable explanation."

The situation thus presented does not justify an elaborate discussion of the questions raised by these appellants. As was said in *Van Mourik* v. *First National Bank in Mount Clemens,* 277 Mich. 46, 50:

"A review of the testimony does not raise sufficient doubt of the propriety of the trial court's findings to warrant reversal.

" 'It is not the policy of this court to reverse decrees unless convinced that they are unfair and inequitable. In *Moore* v. *Moore,* 231 Mich. 209, at 210, Justice FELLOWS said:

" ' "We hear chancery cases *de novo;* but we do not, and should not, reverse decrees unless we are persuaded they are not in accordance with the just rights of the parties." *Van Nest* v. *Van Nest,* 266 Mich. 34.' "

We find no prejudicial errors as to these appellants and the decree as to Elmore L. Westgate, Russell Westgate, Howard K. Drake, Nellie Drake, Leroy Smith and Lester Carl must be affirmed.

Appellant State of Michigan seeks modification of the decree in order that its claim for unpaid gasoline taxes for the month of January and the first five days of February, 1939, may become a liability of Bertha L. Westgate, chargeable against her one-half interest.

The State argues on appeal that since Mrs. Westgate became "a one-half owner in the property * * * by the decree of November 30, 1938," she

became liable as a tenant in common for these taxes and that the State is entitled to repayment from the receiver out of her one-half interest in the business. The State also argues that, if it is not entitled to full payment out of Mrs. Westgate's interest, it is entitled to recover one-half of the unpaid gasoline taxes from her interest on the theory that her interest has been enhanced by one-half of the taxes collected for the State but not remitted to it.

The statute, 1 Comp. Laws 1929, § 3583, as amended by Act No. 166, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 3583, Stat. Ann. § 7.298), imposes the duty on a wholesale dealer in gasoline to pay to the secretary of State three cents on each gallon of gasoline. We are dealing with equitable principles in this trial *de novo*. Although the payment of this tax was a personal obligation of the wholesale dealer, in this instance Westgate acted through the Drakes, and notwithstanding the bonds which the Drakes gave to the State, under the theory of unjust enrichment it is equitable that any deficiency remaining after the State has exhausted its remedies against Westgate, the Drakes, their sureties, and the receiver should be charged against Mrs. Westgate's interest. Otherwise Mrs. Westgate's share would be enhanced by moneys collected for, and not remitted to, the State. To this extent the decree must be modified.

The State objects to the preference given by the trial court for Mrs. Westgate's attorney's fee and the refund to Reynolds of income tax paid by him. Any expenses incurred by the receiver were for the benefit of all the parties, including the State of Michigan, and were properly given priority over general and preferred claims. *Bailey* v. *Bailey*, 262 Mich. 215. The court properly classified plain-

tiff's attorney's fee as an expense of the receivership, and the refund to Reynolds was just and equitable.

The decree of the trial court as modified is affirmed, with costs to appellees.

BOYLES, C. J., and CHANDLER, NORTH, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., concurred in the result. STARR, J., did not sit.