SHOUNEYIA v SHOUNEYIA

Docket No. 297007. Submitted December 9, 2010, at Lansing. Decided
    January 18, 2011, at 9:05 a.m.
    Patricia A. Shouneyia obtained a divorce from Alec E. Shouneyia in
    the Oakland Circuit Court in October 2008. As part of the divorce
    judgment, Alec was ordered to pay Patricia a property settlement
    of $50,000 and attorney fees of $40,000. In June 2009, Patricia
    moved for the appointment of a receiver, asserting that Alec had
    failed to make any payments toward the debt. The court, Linda S.
    Hallmark, J., ordered a creditor's examination. Patricia filed a
    renewed motion for the appointment of a receiver following the
    examination. The court granted the motion. A short time later,
    Patricia filed another motion for a receiver, requesting that the
    receiver have powers over Shouneyia Bros. Corp. (Shouneyia
    Brothers), which was coowned by Alec and his brother Frank
    Shouneyia and operated a market. The court granted the motion.
    Alec and Shouneyia Brothers filed an application for leave to
    appeal, which the Court of Appeals granted.
        The Court of Appeals held:
        1. A court may not make an adjudication affecting the rights of
    a person or entity that is not a party to the case. Accordingly, the
    circuit court did not have the authority to adjudicate the rights of
    Shouneyia Brothers without first making it a party to the case.
        2. A third party may be made a defendant in a divorce action
    when it is alleged that the third party conspired with one of the
    marital parties with the intent to defraud the other marital party
    out of an interest in property. Because Patricia alleged that Alec
    sought to conceal in the market operated by Shouneyia Brothers
    income and assets to which she had a claim as a judgment creditor,
    Shouneyia Brothers should have been added as a necessary party
    to this action. The circuit court was directed to add Shouneyia
    Brothers as a party on remand.
        3. MCL 600.2926 invested the circuit court with the authority
    to appoint a receiver. In light of the facts of this case, including the
    circuit court's finding that Alec had given evasive and false
    answers at the creditor's examination, suspicious deposits shown
    in the market's bank records, and suspicious business practices at

the market, the circuit court did not abuse its discretion by appointing a receiver to investigate Alec's business income and hold assets to satisfy the divorce judgment debt. As long as the circuit court joined Shouneyia Brothers as a party to the case on remand, the circuit court's decision to appoint a receiver to investigate the financial condition of the corporation was within the range of principled outcomes.

Affirmed in part and remanded.

DIVORCE — CONCEALMENT OF ASSETS — APPOINTMENT OF A RECEIVER — JOINDER OF A THIRD-PARTY CORPORATION.

In a divorce case, a circuit court may appoint a receiver over a third-party corporation in the face of allegations that one of the divorcing spouses used the corporate form to conceal assets or funds that could be used to satisfy a judgment debt to the other spouse.

*Hauer & Snover, P.C.* (by *Mark A. Snover* and *James D. Moriarty*), for Patricia A. Shouneyia.

*Paul C. Smith PLLC* (by *Paul C. Smith*) for Alec E. Shouneyia and Shouneyia Bros. Corp.

Before: MURPHY, C.J., and METER and GLEICHER, JJ.

GLEICHER, J. Defendant Alec E. Shouneyia owes money to plaintiff Patricia A. Shouneyia, his former spouse, for a property settlement and attorney fees contained in a divorce judgment. Plaintiff moved for the appointment of a receiver over assets or income possessed by defendant in Shouneyia Bros. Corp. (Shouneyia Brothers), an entity coowned by defendant and his brother, Frank Shouneyia. The circuit court appointed a receiver over Shouneyia Brothers without joining the company as a party to the proceeding, prompting defendant and Shouneyia Brothers (collectively referred to as "appellants") to seek leave to appeal, which this Court granted. We affirm the order appointing a receiver, but remand for the addition of the corporation as a party defendant.

In October 2008, the circuit court entered a divorce judgment, which in pertinent part awarded plaintiff a $50,000 property settlement and ordered defendant to pay plaintiff $40,000 in attorney fees. In June 2009, plaintiff urged the court to appoint a receiver "to collect the money Defendant owes Plaintiff" pursuant to the judgment of divorce, because defendant had paid nothing toward this debt. Plaintiff added that although defendant represented in January 2009 that he "was attempting to get a loan," that the loan apparently "has never come to fruition." Defendant responded that he had a long list of properties in foreclosure and other debts that left him insolvent. At a July 2009 hearing, plaintiff accused defendant of having lied under oath at the divorce trial about his lack of income from several real property rentals, his purchase of a winning lottery ticket ($15,000), and his receipt of checks (including one in the amount of $50,000) from his mother. The court ruled, "I understand there's quite a bit of distrust; however, before we go to a receiver I think it's not unreasonable to hold a creditor's exam."

At a December 2009 examination, defendant appeared without counsel or supporting documentation, and in response to inquiries by plaintiff's counsel he repeatedly expressed an inability to recall or answered in a nonspecific fashion. Defendant did testify that he received a salary of about $300 a week from the Vineyard Market, operated by Shouneyia Brothers. Defendant averred that he and his brother, Frank Shouneyia, jointly ran Shouneyia Brothers and Vineyard Market, but that his brother was "out of the business right now," in part because of a pending lawsuit that defendant had filed against Frank. With respect to the only other income source defendant could recall, a shopping center coowned by eight siblings, defendant could not remember how much income he received. Defendant

denied having any other personal income or assets, apart from occasional monetary assistance from his mother and siblings. When plaintiff's attorney presented defendant with a statement reflecting a $20,000 wire transfer from defendant's girlfriend to defendant's business account, defendant responded that the money was to "[h]elp me out, get the business going, maybe I was short, maybe at the time; though, I don't remember." Regarding monthly business-related bank deposits between December 2008 and July 2009 in amounts of more than $400,000 to in excess of $600,000, defendant explained that he provided check cashing services for his customers, resulting in large deposits. Defendant proclaimed that he charged little to no money for this service, which thus generated no appreciable income. Defendant refused to answer any questions relating to whether he ever won the lottery and induced an employee to claim the winnings for him.

In January 2010, plaintiff filed a renewed motion for the appointment of a receiver to collect the divorce judgment awards defendant owed her. Plaintiff characterized defendant's December 2009 testimony "as either a total fabrication and/or misrepresentation, perjury and at best evasive." The circuit court found as follows at a hearing on plaintiff's motion:

> Well, I have read the transcript of the creditor's exam, and to say that Mr. Shouneyia was evasive would be an understatement. Thousands of dollars coming in and out of these accounts and he never has any funds. It may well be that he has no funds. I don't know. But I tried this case and he was ordered to make a property settlement to this lady and a year has gone by; she has not received a nickel. And she is spending attorney fees and there are children. It's unconscionable. Unconscionable.
>
> If he is receiving money from the [family] trust, where has that been? Now at the eleventh hour, a year later, he's

going to offer her some money from the trust? Too little, too late. She should not have to chase him around to get these funds. And I don't believe there was an honest answer through this entire creditor's exam.

It's unfortunate, however, a receiver is more than justified. I will appoint Henry Nirenberg as receiver. And if indeed Mr. Shouneyia has no assets, Mr. Nirenberg will report that back to us, but I think he needs to have a look.

. . . Somebody needs to step forward, be honest, and let's get off the mark. But I don't think, a year from now, this lady should still be chasing around to get $50,000. That's ridicules [sic].

On January 20, 2010, the circuit court entered an order granting plaintiff's motion to appoint a receiver.

In February 2010, plaintiff filed another motion to appoint a receiver. Plaintiff premised the motion on the same facts set forth in the January 2010 motion to appoint a receiver, but requested "that the Receiver have powers over Shouneyia Brothers Corporation, . . . D/B/A Vineyard Market," among other business entities. Receiver Nirenberg advised the court at a March 2010 hearing that defendant had thwarted his initial efforts to review the Vineyard Market's inventory and records. However, Nirenberg did notice that

the cash registers are zeroed out each day on a Z key three times a day, and that was indicated clearly to my accountant; therefore, there is no trail of what comes in and out of that business. The check cashing that goes on, there is no trail of that, as well.

Defendant expressed a desire to discuss a settlement, prompting the hearing to adjourn. A week later, defendant had not engaged in any settlement discussions with the receiver. The circuit court reasoned as follows that it would appoint a receiver over the corporate entity operating the market:

> Well, frankly, having read all of the briefs I'm not really convinced that Estes versus Titus [481 Mich 573; 751 NW2d 493 (2008)] is applicable in this situation, I think that was a little bit of a different scenario where assets were transferred to avoid payment, it really wasn't a receivership type of a case, and I'm not positive the Court has jurisdiction to grant the relief that's been requested.
>
> However, I am going to ... grant your motion, ... because we don't have objections from either of the third parties. I think the bank is satisfied that they're protected, the other partner ... or the other member of the corporation is not objecting, so there's really no one else to protect at this point.

On March 17, 2010, the court entered an order appointing Nirenberg "as Receiver of the assets of Defendant, ... and Receiver of SHOUNEYIA BROS. CORP ('Entity') including all businesses operated through said Entity, including Vineyard III Market ... as well as all of the following-described property . . . ." The court added that it was grounding the receiver's appointment on MCL 600.2926.

Appellants first aver on appeal that the circuit court's failure to join Shouneyia Brothers as a party defendant in the underlying divorce action precluded the court from exercising authority over the corporation. Michigan courts have consistently recognized that court may not make "[a]n adjudication affecting" the rights of a person or entity not a party to the case. *Capitol S&L Co v Standard S&L Ass'n*, 264 Mich 550, 553; 250 NW 309 (1933); see also *Spurling v Battista*, 76 Mich App 350, 353; 256 NW2d 788 (1977) (concluding that "the trial court did not have the power to compel [a law firm] to pay witness fees" when the law firm "was not a party to this action"). Plaintiff theorizes that the appointment of a receiver does not adversely affect any interested nonparty's rights, given that Frank

Shouneyia, defendant's coowner in Shouneyia Brothers, consented to the receivership. But plaintiff's argument ignores that the corporation itself amounts to an interested party.[1] The circuit court thus did not have authority to adjudicate the rights of Shouneyia Brothers without first making it a party to the case.

But, as recognized in MCR 2.207, "Misjoinder of parties is not a ground for dismissal of an action. Parties may be added or dropped by order of the court on motion of a party or on the court's own initiative at any stage of the action and on terms that are just." See also *Henkel v Henkel*, 282 Mich 473, 488; 276 NW 522 (1937) (explaining that ordinarily "if the proper parties plaintiff are not joined, this court will direct the joinder of the proper parties plaintiff on appeal"). Except in circumscribed circumstances, "the jurisdiction of a divorce court is strictly statutory and limited to determining the rights and obligations between the husband and wife, to the exclusion of third parties." *Estes*, 481 Mich at 582-583 (quotation marks and citation omitted). "Third persons may be made defendants in an action for divorce where it is charged that such persons have conspired with the husband with intent to defraud the wife out of her interest in property." *Berg v Berg*, 336 Mich 284, 288; 57 NW2d 889 (1953). Because plaintiff here has alleged in multiple receivership motions that defendant sought to conceal income and assets in the market operated by Shouneyia Brothers, which plaintiff has a claim to as a judgment creditor, this divorce matter presents an appropriate case for joinder of the

---

[1] "A corporation is a person in the eyes of the law . . . ." *Jones v Martz & Meek Constr Co, Inc*, 362 Mich 451, 455; 107 NW2d 802 (1961); see also *Foodland Distrib v Al-Naimi*, 220 Mich App 453, 456; 559 NW2d 379 (1996) ("As a general proposition, the law treats a corporation as an entirely separate entity from its stockholders, even where one person owns all the corporation's stock.").

third party purportedly engaged in fraud. Consequently, we direct the circuit court on remand to add Shouneyia Brothers as a necessary party to this action. MCR 2.205(A) ("[P]ersons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties . . . ."); MCR 2.207.[2]

In light of the fact that Shouneyia Brothers may properly be joined in the case, we must next address the propriety of the circuit court's order imposing a receivership over the corporation. "We review for an abuse of discretion the circuit court's decision to appoint a receiver." *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 273; 761 NW2d 761 (2008).

The circuit court correctly cited MCL 600.2926 as investing it with authority to appoint receivers. Specifically, MCL 600.2926 authorizes, in pertinent part:

Circuit court judges in the exercise of their equitable powers, may appoint receivers in all cases pending where appointment is *allowed by law*. . . . In all cases in which a receiver is appointed the court shall . . . define the receiver's power and duties where they are not otherwise spelled out by law. Subject to limitations in the law or imposed by

[2] Under the unusual circumstances of this case, we find it appropriate to substantively review the propriety of the circuit court's order imposing a receivership over the Shouneyia Brothers corporation, instead of simply vacating the order and remanding the case to allow the corporation to formally file a pleading as a party and then litigate anew the receivership issue. The corporation is a party to this appeal and has already set forth its position against the imposition of a receivership, which mirrors defendant's challenge to the receivership. It would be a waste of judicial time and resources for the circuit court to relitigate the receivership issue given that (1) the corporation's sole shareholders are defendant and his brother, (2) defendant's brother apparently consented to the receivership, and (3) on remand the corporation would either not file any pleadings or make filings consistent with those already presented by defendant in the circuit court.

the court, the receiver shall be charged with all of the estate, real and personal debts of the debtor as trustee for the benefit of the debtor, creditors and others interested. [Emphasis added.]

Furthermore, "[a]fter judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding . . . [a]ppoint a receiver of any property that the judgment debtor has or may thereafter acquire . . . ." MCL 600.6104(4).

> [MCL 600.2926] has been interpreted as authorizing a circuit court to appoint a receiver when specifically allowed by statute and also when no specific statute applies but the facts and circumstances render the appointment of a receiver an appropriate exercise of the circuit court's equitable jurisdiction. The purpose of appointing a receiver is to preserve property and to dispose of it under the order of the court. In general, a receiver should only be appointed in extreme cases. But a party's past unimpressive performance may justify the trial court in appointing a receiver. [*Reed v Reed*, 265 Mich App 131, 161-162; 693 NW2d 825 (2005) (quotation marks and citations omitted).]

See also *Cohen v Cohen*, 125 Mich App 206, 214; 335 NW2d 661 (1983) (noting that "[t]he appointment of a receiver may be appropriate when other approaches have failed to bring about compliance with the court's orders").

The pertinent facts appear undisputed. Pursuant to the parties' agreement, the circuit court incorporated into the October 2008 judgment of divorce the property settlement of $50,000. Defendant made no payments toward either this amount or the circuit court's award of attorney fees to plaintiff over the course of the 1½ years between entry of the judgment of divorce and the March 2010 order appointing the receiver, from which defendant now appeals. In this 1½ year period, plaintiff

made unsuccessful efforts to collect the judgment owed by defendant: (1) plaintiff's counsel questioned defendant under oath at a creditor's examination and the court expressly found that defendant had given evasive and false answers at the examination, and (2) the court nonetheless subsequently afforded defendant the opportunity to negotiate a settlement with plaintiff, but defendant thereafter declined to enter a settlement. At the creditor's examination, defendant acknowledged when shown the market's bank records that the business had consistently deposited between $440,000 and $669,000 over the course of several months in the first half of 2009, but denied earning any appreciable income from these deposits. And, as Nirenberg advised the court, the business practices at the market, the multiple daily acts of zeroing out cash registers, left in doubt the source of the money coming into the store. Under these circumstances, which rendered defendant's prolonged avoidance of his divorce judgment obligations to plaintiff highly suspicious, the circuit court did not abuse its discretion when it appointed Nirenberg to investigate defendant's business income and hold assets to satisfy plaintiff's divorce judgment debt—at least provided that the court joins Shouneyia Brothers as a party to the case.

The identity of Shouneyia Brothers as a corporate entity does not preclude the court's order appointing a receiver to investigate corporate funds and records, once the corporation is joined as a party to the case. Plaintiff made allegations concerning defendant's efforts to defraud her of her divorce judgment debt by *concealing income within Shouneyia Brothers* and offered substantial support for those allegations. The circuit court noted in January 2010 when it first contemplated granting the receivership,

[t]housands of dollars coming in and out of these accounts and he never has any funds. It may well be that he has no funds. I don't know. . . .

\* \* \*

And if indeed [defendant] has no assets, [the receiver] will report that back to us, but I think [the receiver] needs to have a look.

Notably, defendant does not contest the import of plaintiff's and the receiver's contentions that Frank Shouneyia, defendant's coowner of the corporation, had no objection to the appointment of a receiver over Shouneyia Brothers.[3] The allegations and evidence of record tending to substantiate that defendant, through his control over Shouneyia Brothers, had sought to hide income in Shouneyia Brothers or the market operated by the corporate entity rendered the circuit court's appointment of a receiver to investigate the financial condition of the corporation a decision within the range of principled outcomes, as long as the court joins the Shouneyia Brothers entity as a party to the case. See *Kircher*, 281 Mich App at 273 (noting that a court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes); *Reed*, 265 Mich App at 161-162; *Attica Hydraulic Exch v Seslar*, 264 Mich App 577, 590; 691 NW2d 802 (2004) ("After a judgment for money has been rendered, a trial court has the discretion to appoint a receiver of any

---

[3] Appellants impugn only the extent of plaintiff's factual support for this proposition, noting in their appellate brief's statement of facts: "Plaintiff offered no explanation of how Frank Shouneyia had consented and no factual support for the proposition that Frank Shouneyia had consented to the receivership." At a March 10, 2010 hearing, defendant did not object or request additional substantiation when plaintiff's counsel advised the court of Frank Shouneyia's consent to the receivership.

property the judgment debtor has or may acquire."). The allegations and evidence of record strongly suggesting that defendant has tried to conceal income in the corporation also make irrelevant appellants' contention that the circuit court could not appoint a receiver over Shouneyia Brothers because it "owe[d] no debt to the judgment creditor [plaintiff]."

Our conclusion finds support in Michigan caselaw. The Michigan Supreme Court decades ago considered several appeals

> aris[ing] out of the receivership pending under the decree of divorce in *Westgate v. Westgate*, 291 Mich. 18 [288 NW 860 (1939) (*Westgate I*)]. The appointment of the receiver was upheld by this court in *Westgate v. Westgate*, 294 Mich. 88 [292 NW 569 (1940) (*Westgate II*)]; *Westgate v. Drake*, 294 Mich. 116 [292 NW 573 (1940) (*Westgate III*)]; and *Westgate v. Drake*, 294 Mich. 120 [292 NW 574 (1940) (*Westgate IV*)]. [*Westgate v Larsen*, 296 Mich 434, 435; 296 NW 317 (1941) (*Westgate V*).]

In one of the *Westgate* appeals upholding the receiver's appointment, *Westgate III*, 294 Mich at 117, the Supreme Court summarized the relevant factual background:

> On November 30, 1938, Bertha L. Westgate was awarded a decree of divorce from Elmore L. Westgate with provisions of alimony granting her a one-half interest in all of his rights in an oil business known as the Direct Refinery Stations. Because of her inability to ascertain the exact nature of the ownership of Mr. Westgate in such business, plaintiff filed a petition in the divorce proceedings setting forth that her husband and defendants herein, as well as others, were engaged in a conspiracy to cheat her out of her rights in the business by concealment of property rights and ownership; that Elmore L. Westgate was the real owner of the business but that in order to defraud her he had covered up such interests under the names of others. In her petition, Mrs. Westgate prayed that defendants and

others be joined as defendants in the proceedings and that they show cause why a temporary receiver should not be appointed for the Direct Refinery Stations.

Unlike in this case, the petition for receivership in *Westgate* asked "for leave to join certain parties as defendants," and "[t]he defendants named in this petition [appeared and] filed answers thereto denying all the material allegations contained in plaintiff's petition." *Westgate II*, 294 Mich at 89-90.

In *Westgate II*, the Supreme Court discussed the general responsibilities of a receiver, and other legal principles, as informative to the question in that case, "whether or not the trial court had a right to make . . . orders awarding attorney fees, the property in question being in the hands of a receiver." *Id*. at 91. In *Westgate III*, 294 Mich at 118, the Supreme Court examined a different question than the receiver appointment challenge presented here, an attack on the validity of a trial court injunction enjoining the defendants "from interfering with the receiver's possession of the premises and business of the Direct Refinery stations." The Court highlighted that the defendants had not challenged the initial order appointing the receiver: "No attack upon the order appointing the receiver is made as far as the record discloses, except in defendants' answer; and they could not attack the validity of such an appointment, or question the extent of the receiver's possession, on a motion which did not raise such an issue." *Id*. at 119. In *Westgate IV*, 294 Mich at 121-122, defendant Nellie Drake, "[o]ne of the parties who filed an answer in . . . [the] receivership action," claimed on appeal "that a certain tractor used in the oil business belongs to her." Drake "raise[d] numerous questions regarding the validity of the appointment of the receiver," among other issues, with respect to which the

Supreme Court ruled, "We are of the opinion that all of these claims are without merit." *Id.* at 123. It does not strike us as entirely clear that the Supreme Court in the *Westgate* appeals cited in this paragraph answered the precise questions appellants raise here. But the *Westgate* decisions at least strongly suggest that in a divorce case, a circuit court may appoint a receiver over a third-party corporation in the face of allegations that one of the divorcing spouses had used the corporate form to conceal assets or funds that could be used to satisfy a judgment debt to the other spouse.

With respect to Shouneyia Brothers's complaint that the company never received proper notice of the receivership in violation of its right of due process, the record reflects that defendant is the registered agent for Shouneyia Brothers. Shouneyia Brothers thus had actual notice of plaintiff's multiple motions to appoint a receiver, as well as the circuit court's order imposing a receivership. *Sweet Air Investment, Inc v Kenney*, 275 Mich App 492, 505; 739 NW2d 656 (2007) ("[D]ue process in civil cases requires notice of the nature of the proceeding.") (quotation marks and citation omitted). Notwithstanding the corporation's actual notice of the relevant proceedings, Shouneyia Brothers made no attempt to be heard by the circuit court in a manner separate from defendant's appearance as an individual. In any event, we are instructing that the circuit court add the corporation as a party to the case.

We conclude that in light of (1) defendant's poor past performance in making any payments due plaintiff under the judgment of divorce, despite the court's employment of methods less drastic than receivership, and (2) plaintiff's showing that defendant exercises control over Shouneyia Brothers and has not accounted for regular, large deposits into the corporation's bank

accounts, the circuit court acted within its discretion by appointing a receiver to preserve funds and property that could satisfy defendant's judgment debt to plaintiff. *Reed*, 265 Mich App at 161-162; *Cohen*, 125 Mich App at 214; see also 65 Am Jur 2d, Receivers, § 33, p 649 ("[A]ppointment of a receiver may be based on a showing of a danger of loss of property through waste, neglect, or misconduct . . . ."); 65 Am Jur 2d, Receivers, § 31, p 648 ("Although proof of fraud is not required to support a court's discretionary decision to appoint a receiver, the prevention of collusion, fraud, or danger of loss or injury from fraud is ground for the appointment of a receiver.").

Affirmed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.